■ MARIA BAUER, Appellant, et al., Plaintiff, v ELEANOR T. LYGREN et al., Respondents, et al. Defendant.—In an action to recover damages for personal injuries, etc., plaintiff Maria Bauer appeals from an order of the Supreme Court, Suffolk County (McInerney, J.), entered April 9, 1984, which, *inter alia,* denied her motion to vacate a stipulation purporting to settle the action entered into in open court on April 7, 1981 by her former attorney.

Order affirmed, without costs or disbursements.

Counsel for the respective parties negotiated a proposed settlement of this action, brought to recover damages for personal injuries sustained by appellant Maria Bauer as a result of a two-car collision on June 11, 1975, which allegedly occurred as the vehicle in which she was a passenger was exiting a shopping mall, and to recover for the loss of services of the appellant's then husband, Joseph Bauer, from whom she was divorced during the pendency of the action, and who has subsequently died. The proposed settlement provided for the discontinuance of Joseph Bauer's claim and settlement of the appellant's claim upon the payment to her of $20,000 by the insurance carriers for the two vehicles involved (the liability insurance policy limits being $10,000 for each car), and the payment of $50,000 by the remaining defendants, the owners and operators of the area adjoining the accident site.

Appellant's former attorney did not communicate the terms of the proposed settlement directly to her, but on August 7, 1981, he spoke with her mother who informed him that the appellant was out of town visiting relatives, and further told him that " 'they' felt the matter was in [his] hands" and he "should do what [he] thought was best for [the appellant]".

On the same day, August 7, 1981, at a continued pretrial conference held in open court, appellant's former counsel delivered to the court a general release and stipulation of discontinuance on behalf of plaintiff Joseph Bauer, represented to the court that he also had authority to settle the case on behalf of the appellant, and agreed on the record to the terms of settlement outlined above.

Although the appellant concededly was advised personally of the terms of the settlement in the fall of 1981, and consulted her present attorney shortly thereafter, it was not until on or about March 19, 1984 that the appellant's present

counsel moved to vacate the stipulation of settlement and restore the case to the Trial Calendar on the ground, *inter alia,* that the appellant's former attorney was not authorized to settle the actions for the stated sums. Special Term denied the appellant's motion. We affirm.

It is now settled law that "[a] stipulation of settlement made by counsel in open court may bind his [or her] clients even where it exceeds his actual authority" *(Hallock v State of New York,* 64 NY2d 224, 228). We have held that by appearing at a pretrial settlement conference pursuant to the rules of this judicial department *(see,* 22 NYCRR 699.6) without expressly qualifying his or her authority, an attorney impliedly acknowledges his or her authority to bind his or her client *(Collazo v New York City Health & Hosps. Corp.,* 103 AD2d 789; *see, Di Russo v Grant,* 28 AD2d 847). The oral stipulation in the instant case was made in open court and its terms were definite. Therefore, it was binding upon the parties, absent fraud, collusion, mistake, accident or some other ground of a similar nature (CPLR 2104; *see, Matter of Dolgin Eldert Corp.,* 31 NY2d 1; *Bella Vista Dev. Corp. v Estate of Birnbaum,* 85 AD2d 891, *lv dismissed* 55 NY2d 1038; *Ragen v City of New York,* 45 AD2d 1046). Appellant is thus relegated to seek relief against her attorneys for any damages which their alleged conduct may have caused her *(see, Fox v Wiener Laces,* 105 Misc 2d 672, 676). Mangano, J. P., Rubin, Lawrence and Eiber, JJ., concur.