■ MARY L. LYNCH, Appellant, v MICHAEL J. LYNCH, Respondent.—Order unanimously reversed, on the law, without costs, and motion denied. Memorandum: Defendant, represented by substituted counsel, moved to enjoin the court from modifying a judgment of divorce in accordance with a stipulation of settlement which previously had been entered on the record by defendant's former attorney, who at that time expressly represented that he had defendant's authority to agree to the terms of the stipulation. The court, without conducting an evidentiary hearing, voided the stipulation. On

plaintiff's appeal of that order, we remitted the matter for a hearing to resolve the issue of whether defendant's former counsel had authority to agree to the settlement *(Lynch v Lynch,* 105 AD2d 1069).

The proof at the hearing demonstrated that on the day the stipulation of settlement was made the parties and their counsel appeared at Supreme Court. Settlement negotiations were continued throughout the morning between counsel, who periodically consulted with their clients and reported their progress to the court. Defendant and his former attorney testified that at the conclusion of the morning session defendant said to his former attorney "let's get it on paper this afternoon". Defendant did not attend the afternoon session, and his former attorney, asserting that he had defendant's authority to do so, stipulated to a settlement on the record.

Following the hearing, the court ruled that the stipulation was null and void. The court's finding "that counsel for the defendant lacked authority to bind his client * * * to the terms of the stipulation" was based upon three grounds: (1) that the record was bare of any consent by defendant, either orally or in writing, and that defendant was not physically present for the stipulation; (2) that prompt notice was given of the objection to the stipulation; and (3) that there was no showing of prejudice to plaintiff who was restored to "status quo ante". We reverse.

While an unauthorized settlement stipulation is a nullity *(Yonkers Fur Dressing Co. v Royal Ins. Co.,* 247 NY 435; *Countryman v Breen,* 241 App Div 392, *affd* 268 NY 643), stipulations are favored by the courts and are not lightly to be cast aside *(Hallock v State of New York,* 64 NY2d 224; *Matter of Frutiger,* 29 NY2d 143). "Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation" *(Hallock v State of New York, supra,* p 230). A mistaken understanding between defendant and his former counsel of the meaning of defendant's words "let's get it on paper this afternoon" is not of a character sufficient to invalidate the settlement agreement *(see, Crouse-Irving Mem. Hosp. v Moore,* 84 AD2d 954; *Foote v Adams,* 232 App Div 60, *amended* 232 App Div 843). We conclude as a matter of law that there has been no showing of fraud, collusion, mistake or accident. Absent such a showing, defendant will not be relieved of the stipulation unless his former attorney "was without authority of any sort to enter into the settlement, and therefore no contract ever came into

being" *(Hallock v State of New York,* 64 NY2d 224, 230, *supra).*

A stipulation of settlement made by counsel may bind a client even where it exceeds counsel's actual authority if counsel had apparent authority to enter into the stipulation *(Hallock v State of New York,* 64 NY2d 224, *supra).* Apparent authority is created by words or conduct of the principal, communicated to a third party, giving rise to the appearance and belief that the agent possesses the authority *(Hallock v State of New York, supra,* p 231; *Ford v Unity Hosp.,* 32 NY2d 464). Here, defendant clothed his former counsel with apparent authority to enter into the stipulation of settlement. Counsel had represented defendant during the litigation and had negotiated on his behalf during the morning settlement discussions. Defendant admits that counsel had the authority to engage in such negotiations on his behalf. Moreover, counsel's presence at the morning session constituted an implied representation by defendant to plaintiff that counsel had authority to bind him to the settlement (22 NYCRR 1155.7 [b]; *see also, Hallock v State of New York, supra,* pp 231-232; *Collazo v New York City Health & Hosps. Corp.,* 103 AD2d 789; *Di Russo v Grant,* 28 AD2d 847; *Fox v Wiener Laces,* 105 Misc 2d 672). Thus, before defendant absented himself from the afternoon session, during which the stipulation was entered upon the record, it fell to him to reveal any limitation or restriction on the authority of his then attorney, and without such disclosure plaintiff's reliance on the appearance of authority was reasonable and proper. Accordingly, defendant is bound by the settlement. (Appeal from order of Supreme Court, Erie County, Kuszynski, J.—child support.) Present—Dillon, P. J., Callahan, Denman, Balio and Lawton, JJ.