■ ANITA ALFONSO, Appellant-Respondent, v GIUSEPPE POLLICINO et al., Respondents-Appellants.—In an action to declare a deed to be void and invalid, (1) the plaintiff appeals from so much of an order of the Supreme Court, Queens County (LeVine, J.), dated October 17, 1985, as denied her motion to vacate a stipulation of settlement entered into by the parties in open court on April 16, 1985, and (2) the defendants appeal from an order of the same court, dated January 7, 1986, which denied their motion for the appointment of a guardian ad litem in order to compel the plaintiff to comply with the terms of the stipulation of settlement.

Ordered that the order dated October 17, 1985 is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated January 7, 1986 is affirmed, without costs or disbursements. No opinion.

Counsel for the respective parties negotiated a proposed settlement of this action to set aside a deed. After discovery, the action came up for trial on April 16, 1985. The plaintiff, the defendants and their respective attorneys were present. Following discussions of settlement, the trial was interrupted and the terms of the settlement were placed in the record. In July 1985, the plaintiff moved to vacate the stipulation.

The plaintiff alleged that she never agreed to the stipula-

tion, that it was only agreed to by her son. She alleged that a fraud had been perpetrated on her in that, following the entry of the stipulation, one of the defendants, her husband Antonio Alfonso, surrendered to his codefendants, Giuseppe and Anna Pollicino, his life estate in the premises, and, in a matrimonial action pending between the plaintiff and her husband, the husband asserted a claim of equitable distribution with respect to the sum due to the plaintiff pursuant to the stipulation.

The record of the stipulation made in open court shows that the court questioned the plaintiff's son, in the presence of plaintiff's counsel, as to whether the plaintiff agreed to the terms of the stipulation. The son informed the court that plaintiff had agreed to the stipulation. The court also placed in the record that the stipulation had been dictated by the attorneys for both sides.

The plaintiff, at this stage, may not be heard to challenge the settlement entered into. She was in court during the entire negotiation of the settlement and the dictation of the agreement into the record. She had her counsel with her as well as her son, who explained the terms of the stipulation to her. Following the settlement on April 16, 1985, the plaintiff did not voice any objection until July 22, 1985. Under these circumstances, the plaintiff must be held to have acquiesced in and consented to the settlement and is bound by it (see, Hallock v State of New York, 64 NY2d 224). The oral stipulation was made in open court and its terms were definite. It was binding upon the parties absent fraud, collusion, mistake, accident, or some other ground of a similar nature (see, Bauer v Lygren, 113 AD2d 913).

The plaintiff's allegation of fraud with respect to the conveyance by her husband of his life estate in the property to his son-in-law and daughter (the Pollicinos), and the husband's claim with respect to equitable distribution are without substance. This property belonged to the husband and he could do with it as he chose. The plaintiff and her husband are engaged in a matrimonial action in which the husband is seeking equitable distribution of the marital property. Such relief, sought in a separate and distinct action, has no relationship to the stipulation. The plaintiff has not presented an argument sufficient to invalidate the stipulation. In the absence of any such argument, and in view of the stipulation being entered into in open court, there is no reason demonstrated to vacate the stipulation (see, Hallock v State of New York, supra; Bauer

*v Lygren, supra)*. Thompson, J. P., Niehoff, Lawrence and Kunzeman, JJ., concur.