■ Doru Popescu et al., Appellants, v Anthony Comoletti et al., Respondents.—In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings County (Lodato, J.), dated September 8, 1986, which (1) granted the defendants' motion to (a) settle the transcript of a settlement agreement, and (b) compel delivery by the plaintiff Doru Popescu of certain instruments required to effectuate a settlement agreement; and (2) denied the plaintiffs' cross motion (a) to declare the purported settlement null and void and (b) to compel their former attorneys to give their present attorney certain information from their file.

Ordered that the order is affirmed, with costs to the defendants payable by the plaintiffs.

We agree with the determination of the Supreme Court that the plaintiffs failed to allege any adequate ground sufficient to permit them to be relieved from the consequences of the stipulation of settlement made in open court *(see, Hallock v State of New York,* 64 NY2d 224). We also reject the plaintiffs' contention that the stipulation was not final and binding but was entered into subject to the execution of a formal written document *(see, Sontag v Sontag,* 114 AD2d 892, *lv dismissed* 66 NY2d 554).

The plaintiffs' allegations of misconduct by their own attorney are insufficient to justify vacatur of the settlement *(see, Hallock v State of New York, supra; Bauer v Lygren,* 113 AD2d 913). To the extent that these allegations may have merit, the plaintiffs are relegated to an action against the attorney *(see, Hallock v State of New York, supra; Bauer v Lygren, supra).*

The plaintiffs' remaining contentions are either without merit or need not be addressed in light of our determination herein. Weinstein, J. P., Eiber, Spatt and Sullivan, JJ., concur.