■ LIVING ARTS, INC., Respondent, v KAZUKO HILLYER INTERNATIONAL, INC., et al., Appellants.—Order, Supreme Court, New York County (Harold Baer, Jr., J.), entered on or about September 29, 1989, which denied defendants' motion to vacate a "so-ordered" stipulation of settlement dated July 11, 1989, unanimously affirmed, with costs.

An arbitrator awarded plaintiff $18,409 "as the balance of its claim after set-offs appropriately asserted" by defendant Kazuko Hillyer International, Inc. (Kazuko). Plaintiff obtained a judgment against said defendant in a proceeding to confirm the arbitration award and subsequently engaged in supplementary enforcement proceedings. Kazuko brought its own action against plaintiff seeking $25,000 with respect to the event underlying the setoff recognized by the arbitrator. Plaintiff brought this action for the uncollected balance of its judgment, alleging that Kazuko's principal had formed a successor corporation which was engaging in precisely the same business activity with the same assets and employees as Kazuko in order to evade the obligations of Kazuko. On the return date of a temporary restraining order affecting defendants' bank accounts, the parties' attorneys entered into a

stipulation of settlement providing for the release of the restraint on defendants' funds exceeding $15,000, discontinuation of the first two actions, and defendants' payment of $9,000 by July 13, 1989. It was agreed that in the event payment was not made by defendants, plaintiff would be entitled to enter judgment against defendants in the amount of $12,225. After failing to make the payment and entry of judgment against them, defendants brought this motion to set aside the stipulation of settlement.

The denial of the motion was proper in the absence of a showing of fraud, collusion, mistake or such other factors sufficient to invalidate a contract. *(Hallock v State of New York,* 64 NY2d 224, 230.) Defendants' own papers established they were amenable to settlement prior to any discussion with plaintiff's counsel on the return date, that after reaching a tentative agreement with plaintiff's attorney, defendants' attorney telephoned defendant Hillyer, principal of the two corporate defendants, and advised her of the terms of the stipulation under which all three of the actions would be settled, and that said individual defendant and corporate principal approved of those terms. In these circumstances, defendants' invocation of their own purported unilateral mistake in comprehending that the settlement encompassed an action by one of them against plaintiff is insufficient as a matter of law to set aside the stipulation. Concur—Kupferman, J. P., Ross, Carro, Asch and Ellerin, JJ.