■ FRANKLIN ARVELO et al., Appellants, v MULTI TRUCKING, INC., et al., Defendants and Third-Party Plaintiffs-Respondents. CIPICO, Third-Party Defendant-Respondent. [599 NYS2d 301] —In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Dunkin, J.), dated April 11, 1991, which (1) denied their motion to restore the case to the trial calendar, and (2) granted the cross motions of the defendants Multi Trucking, Inc. and Theodore Jones, and the third-party defendant Cipico, respectively, to enforce a stipulation settling the action.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

We find unpersuasive the plaintiffs' challenge to the stipulation of settlement entered into in this action. The stipulation was set forth on the record in open court (see, CPLR 2104), and unconditionally provides that the plaintiffs agree to settle the action in return for the payment of $25,000. The credible evidence in the record, including the plain and unequivocal terms of the stipulation itself (see generally, *Serna v Pergament Distribs.,* 182 AD2d 985), flatly refutes the plaintiffs' claim that the individual who negotiated and agreed to the settlement on their behalf (a paralegal employed by their counsel) mistakenly believed that the stipulation was condi-

tioned upon their subsequent approval *(see generally, Public Adm'r of County of N. Y. v Bankers Trust Co.,* 182 AD2d 592; *Newman v Holland,* 178 AD2d 866; *Matter of Kaplan,* 150 AD2d 687).* Under the circumstances of this case, the plaintiffs' claim of unilateral mistake is both factually and legally unavailing *(see, e.g., Living Arts v Kazuko Hillyer Intl.,* 166 AD2d 284).

Similarly, the plaintiffs' claim that their counsel lacked the authority to bind them to the settlement is not well taken. Indeed, their employment of counsel to represent them throughout this litigation and to appear on their behalf at the conference in question precludes this contention *(see,* 22 NYCRR 202.12 [b], [c] [4]; 202.26 [e]; *Matter of Gruntz,* 168 AD2d 558; *Bauer v Lygren,* 113 AD2d 913; *Collazo v New York City Health & Hosps. Corp.,* 103 AD2d 789). In any event, even if counsel did lack actual authority to enter into the stipulation, the record contains ample evidence of counsel's apparent authority to do so *(see, Hallock v State of New York,* 64 NY2d 224; *1420 Concourse Corp. v Cruz,* 175 AD2d 747). Accordingly, the plaintiffs have failed to present any valid ground for setting aside the stipulation *(see, e.g., Lewis v Lewis,* 183 AD2d 875; *Popescu v Comoletti,* 130 AD2d 724). Sullivan, J. P., Miller, O'Brien and Ritter, JJ., concur.