■ ANTHONY P. JAVARONE et al., Respondents, v GINA M. PALLONE et al., Defendants, and DAWN M. MOORE, Appellant. (And Another Related Action.) [651 NYS2d 664] —White, J. Appeal from an order of the Supreme Court (Best, J.), entered January 25, 1996 in Fulton County, which granted plaintiffs' motion to vacate an oral stipulation of discontinuance against defendant Dawn M. Moore and restore the case to the calendar.

As plaintiffs' vehicle was proceeding north on State Route 30 in the Town of Mayfield, Fulton County, on December 29, 1988, it was struck head on by a vehicle operated by defendant Gina M. Pallone. When plaintiffs' vehicle came to rest after the collision, it was struck in the rear by one operated by defendant Dawn M. Moore (hereinafter defendant). Subsequently, plaintiffs commenced this negligence action asserting claims for personal injuries and derivative losses. Due to their failure to comply with certain discovery demands, plaintiffs' note of issue was stricken by Supreme Court on November 9, 1993. At a pretrial conference held on July 7, 1994, the parties stipulated in open court that plaintiffs could submit an order restoring this case to the trial calendar. Plaintiffs' counsel further stipulated that plaintiff Anthony P. Javarone would not pursue a claim for personal injuries against defendant pursuant to a prior concession made at an examination before trial at which plaintiffs were present.

It is undisputed that an order restoring this case to the calendar was never submitted to Supreme Court and that plaintiffs' counsel withdrew from the practice of law in November 1994, leaving plaintiffs without representation until February 1995. Upon completion of the review of plaintiffs'

file, plaintiffs' new counsel moved in May 1995 to reinstate the note of issue and to vacate that portion of the July 7, 1994 stipulation pertaining to the discontinuance of Anthony Javarone's claim against defendant.* Supreme Court granted the motion, prompting this appeal by defendant.

To prevail on a motion pursuant to 22 NYCRR 202.21 (f), the movant must submit a proper certificate of readiness along with an affidavit showing that the action is meritorious, the reasons for the acts or omissions which resulted in its removal from the calendar and good cause for its reinstatement (*see, Maida v Rite Aid Corp.*, 210 AD2d 589, 590). Our review of plaintiffs' affidavits reveals that they have an arguably meritorious cause of action against defendant and that this case is ready for trial since all pretrial disclosure proceedings have been completed. Considering these circumstances, along with the fact that defendant consented to the restoration of this case to the calendar and that plaintiffs' present predicament is attributable to their former counsel's withdrawal from the practice of law, Supreme Court did not err in reinstating the note of issue.

We reach a contrary result, however, with respect to Supreme Court's vacatur of the oral stipulation made by plaintiffs' former counsel. Where, as here, an oral stipulation is made by counsel in open court within the mandates of CPLR 2104, it will be strictly enforced and a party will be relieved from the consequences of same "[o]nly where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident" (*Hallock v State of New York*, 64 NY2d 224, 230; *see, Newman v Holland*, 178 AD2d 866, 867). Strict enforcement of the oral stipulation "not only serves the interest of efficient dispute resolution but also is essential to the management of court calendars and integrity of the litigation process" (*Sontag v Sontag*, 114 AD2d 892, 893, *lv dismissed* 66 NY2d 554). Since plaintiffs have wholly failed to set forth sufficient grounds to set aside the stipulation or demonstrate that their attorney, who had represented them for over three years as of July 1994 and had settled with another defendant on their behalf during this time, lacked, at the least, apparent authority to enter into the stipulation, they are bound by it (*see, Arvelo v Multi Trucking*, 194 AD2d 758; *Pak Chong Mar v New York Infirmary-Beekman Downtown Hosp.*, 161 AD2d 373; *Lynch v Lynch*, 122 AD2d 572, *lv denied* 68 NY2d 610).

---

* Plaintiffs had previously settled their claims against Pallone and defendant Garlock Rental and Leasing, Inc. and consented to dismissal of their action against defendants General Motors Corporation and King Cadillac Oldsmobile, Inc.

Yesawich Jr., J., concurs.

Peters, J. (concurring in part and dissenting in part). We concur with the majority's conclusion that Supreme Court properly reinstated the note of issue. However, mindful that plaintiffs' present predicament is attributable to the conduct of their former counsel and, with due deference to Supreme Court's assessment of the circumstances attendant upon the purported oral stipulation of discontinuance, we would affirm Supreme Court's order vacating the oral stipulation.

Mikoll, J. P., concurs.

Carpinello, J. (concurring in part and dissenting in part). Although the circumstances underlying the oral stipulation and the stipulation itself are not models of clarity, I am constrained to agree with the majority's conclusion that it must be enforced under *Hallock v State of New York* (64 NY2d 224). However, contrary to the opinion of the majority and that of the other partial concurrence and dissent, I feel that Supreme Court improperly reinstated the note of issue in this case.

A party seeking reinstatement of a note of issue must provide the court with, *inter alia*, an affidavit of merit (*see*, 22 NYCRR 202.21 [f]). In my view, the papers submitted in support of plaintiffs' motion are insufficient to establish the merits of their action against defendant Dawn M. Moore (hereinafter defendant), no doubt due to the circumstances of defendant's "collision". There is no factual dispute that defendant's vehicle impacted plaintiffs' vehicle following plaintiffs' head-on collision with defendant Gina M. Pallone. After cresting a hill and observing the accident, defendant was unable to stop completely because of icy conditions and slid into plaintiffs' vehicle at a slight rate of speed. Plaintiffs submitted no evidence, however, that defendant was in fact negligent nor, more importantly, that this later impact, which was described as a mere thump, was a proximate cause of any injury to either plaintiff.

The opinions proffered by plaintiffs' experts, wherein they aver that this slight impact was a substantial factor in causing plaintiffs' injuries, are "bare and conclusory" (*Vargas v Flatbush Pest Control*, 178 AD2d 528). More precisely, these experts do not "state *how* this [later impact] was the proximate cause of [plaintiffs'] injuries nor [do they] support [their] opinion[s] with any [specific] evidence in the record" (*Buck v Reed*, 231 AD2d 821, 822 [emphasis supplied]). Accordingly, I would reverse that portion of Supreme Court's order granting plaintiffs' motion to reinstate the note of issue.

Ordered that the order is modified, on the law, without costs,

by reversing so much thereof as granted plaintiffs' motion to vacate the oral stipulation; said motion denied to that extent; and, as so modified, affirmed.