■ Charles Gritt et al., Respondents, v Anthony J. O'Hara et al., Appellants. [681 NYS2d 862] —Carpinello, J. Appeal from an amended judgment of the Supreme Court (Ferradino, J.), entered May 8, 1997 in Saratoga County, which was entered upon the parties' stipulation of settlement.

The parties own adjoining lakefront properties in the City of Saratoga Springs, Saratoga County, and share a common driveway which provides the only access from a nearby public

road. After defendants deposited a 12 to 18-inch layer of sand over the common driveway, plaintiffs commenced this combined trespass action and RPAPL article 15 proceeding alleging, *inter alia*, that the increased elevation of the common driveway interfered with their access and redirected the flow of water, causing their property to flood. Defendants answered and counterclaimed for damages based upon plaintiffs' alleged trespass onto their property.

A trial date was set but, on the scheduled date, the parties appeared and, through their respective counsel, entered into a stipulation of settlement on the record purporting to resolve all disputed issues, including the elevation of the common driveway. The stipulation was subsequently reduced to a detailed judgment with several map and survey exhibits incorporated by reference. Notwithstanding the affirmative representation to Supreme Court by defendants' former counsel, made in their presence, that he had the authority to so stipulate on their behalf, defendants appeal arguing that they never consented to the terms of the stipulation and that it is ambiguous.

Upon our review of the transcript of the proceedings before Supreme Court and the terms of the stipulation, we reject defendants' arguments. First, it is noteworthy that although defendants claim the stipulation should be set aside, they do *not* contend that their attorney lacked authority to enter into it on their behalf. Rather, they assert that, because they never personally consented to the stipulation, it should be set aside. The law, however, is quite clearly to the contrary. "Where, as here, an oral stipulation is made by counsel in open court within the mandates of CPLR 2104, it will be strictly enforced" (*Javarone v Pallone*, 234 AD2d 814, 815, *appeals dismissed* 89 NY2d 1030, 90 NY2d 884). CPLR 2104 does not require parties to a stipulation to personally consent to its terms so long as the stipulation is entered into in open court by an attorney who possesses, at the least, apparent authority to act on their behalf (*see, Hallock v State of New York*, 64 NY2d 224, 230-231). Since defendants are not contending that their attorney lacked authority to enter into the stipulation—nor would the record support such a contention even if it were being raised— they are bound by it. Finally, upon our review of the stipulation, we are unpersuaded that it is ambiguous or contains inconsistencies.

Cardona, P. J., Mikoll, Crew III and White, JJ., concur. Ordered that the amended judgment is affirmed, with costs.