■ BERNARD CHATTIN et al., Appellants, v KLOCK OIL COMPANY, INC., et al., Respondents. [706 NYS2d 552] —Order unanimously affirmed with costs. Memorandum: Plaintiffs commenced this action against defendant Klock Oil Company, Inc. (Klock) and its insurers, alleging the negligence of Klock in connection with an oil spill that contaminated plaintiffs' residence. The action purportedly was settled by a stipulation of settlement, the terms of which were placed on the record in open court and agreed to by plaintiffs' attorney in plaintiffs' presence. Plaintiffs appeal from an order granting defendants' motions to enforce the stipulation of settlement and denying plaintiffs' cross motion to set it aside.

"A stipulation of settlement made by counsel in open court may bind his clients even where it exceeds his actual authority" (*Hallock v State of New York*, 64 NY2d 224, 228). Here, plaintiffs' attorney had plaintiffs' apparent authority to settle the case, and thus his express agreement to the terms of the settlement in open court bound plaintiffs (*see, Hallock v State of New York, supra*, at 230-232). Strict enforcement of stipula-

tions of settlement in open court serves the State's interest in efficient dispute resolution and is essential to the proper management of court calendars and the integrity of the litigation process (*see, Hallock v State of New York, supra,* at 230; *see also,* CPLR 2104). The appearance of authority of plaintiffs' attorney was reinforced in this case by plaintiffs' actual authorization to him to engage in settlement negotiations on plaintiffs' behalf, his participation in such discussions over the preceding month, and his appearance with plaintiffs at a final settlement conference ordered by the court (*see, Hallock v State of New York, supra,* at 231-232; *Javarone v Pallone,* 234 AD2d 814, 815, *appeal dismissed* 89 NY2d 1030, 90 NY2d 884). The appearance of authority is also buttressed by the presence of plaintiffs in open court when the stipulation was placed on the record and by their failure at that time to object to the settlement or reveal any limitation on their attorney's authority to settle (*see, Hallock v State of New York, supra,* at 231-232; *Harragan v Harragan,* 204 AD2d 686, 687; *cf., Privin v Landolfi,* 191 AD2d 485, 486).

We have considered plaintiffs' remaining contentions and conclude that they are without merit. (Appeal from Order of Supreme Court, Monroe County, Smith, J.—Settlement.) Present—Pigott, Jr., P. J., Pine, Wisner and Scudder, JJ.