■ DONNA BUBECK, Appellant, v MAIN UROLOGY ASSOCIATES, P. C., et al., Respondents. [713 NYS2d 403] —Order unanimously affirmed without costs. Memorandum: Plaintiff was represented by J. Vaughan Millane, Jr., Esq. when she commenced this medical malpractice action against defendants. At a pretrial conference, Millane entered into a written stipulation with defendants' attorneys precluding plaintiff from presenting any evidence concerning the permanency of her injuries. Millane

died several months before trial and plaintiff learned of the stipulation after retaining a new attorney. Plaintiff moved to vacate the stipulation, contending that Millane had exceeded the scope of his authority because the stipulation was contrary to her express directives.

Supreme Court properly denied plaintiff's motion. A stipulation "made by counsel may bind a client even where it exceeds counsel's actual authority if counsel had apparent authority to enter into the stipulation" (*Lynch v Lynch*, 122 AD2d 572, 574, *lv denied* 68 NY2d 610; *see, Hallock v State of New York*, 64 NY2d 224, 228; *Chattin v Klock Oil Co.*, 270 AD2d 852).

Because her attorney had a lengthy involvement in the case, engaging in settlement negotiations and appearing at pretrial conferences, he had apparent authority to enter into stipulations as a matter of law (*see, Hallock v State of New York, supra,* at 231-232). The presence of the attorney at pretrial conferences constitutes "an implied representation by [the client] to defendants that [the attorney] had authority" to bind the client to the stipulation (*Hallock v State of New York, supra,* at 231-232). Indeed, only those attorneys who are authorized to enter into binding stipulations may appear at pretrial conferences (*see,* 22 NYCRR 202.26 [e]; *see also,* 22 NYCRR 202.12 [b]). The appearance of an attorney at a pretrial conference precludes the client from thereafter arguing that the attorney lacked such authority (*see, Arvelo v Multi Trucking*, 194 AD2d 758, 759). Thus, in the absence of "cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident" (*Hallock v State of New York, supra,* at 230), plaintiff is not entitled to vacatur of the stipulation (*see, Javarone v Pallone*, 234 AD2d 814, 815, *appeal dismissed* 89 NY2d 1030, 90 NY2d 884; *Arvelo v Multi Trucking, supra,* at 758-759). (Appeal from Order of Supreme Court, Erie County, Mintz, J.—Vacate Stipulation.) Present—Green, J. P., Pine, Hurlbutt, Kehoe and Lawton, JJ.