■ GUSTAVO PERALTA et al., Respondents, v ALL WEATHER TIRE SALES & SERVICE, INC., et al., Defendants, DANILO MENDEZ, Appellant, and FALKEN TIRE CORP. et al., Defendants and Third-Party Plaintiffs. ROSEMARY PERALTA, Third-Party Defendant-Appellant. (And Additional Third-Party Actions.) [873 NYS2d 111]——

In an action to recover damages for personal injuries, etc., the defendant Danilo Mendez and the third-party defendant Rosemary Peralta appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Rothenberg, J.), dated August 31, 2007, as granted that branch of the plaintiffs' motion which was to enforce a written settlement agreement dated June 7, 2004.

Ordered that the order is affirmed insofar as appealed from, with costs.

Stipulations of settlement are judicially favored, will not lightly be set aside, and "are to be enforced with rigor and without a searching examination into their substance" as long as they are "clear, final and the product of mutual accord" (*Bonnette v Long Is. Coll. Hosp.*, 3 NY3d 281, 286 [2004]; *see Cooper v Hempstead Gen. Hosp.*, 2 AD3d 566 [2003]). To be enforceable, stipulations of settlement must conform to the requirements of CPLR 2104 (*see DeVita v Macy's E., Inc.*, 36 AD3d 751 [2007]; *Marpe v Dolmetsch*, 256 AD2d 914 [1998]; *Conlon v Concord Pools*, 170 AD2d 754 [1991]). "Pursuant to CPLR 2104, a stipulation of settlement is not enforceable unless it is made in open court, reduced to a court order and entered, or contained in a writing subscribed by the parties or their attorneys" (*Starr v Rogers*, 44 AD3d 646, 647 [2007]; *see Bonnette v Long Is. Coll. Hosp.*, 3 NY3d at 285; *Matter of Dolgin Eldert Corp.*, 31 NY2d 1, 8-9 [1972]).

Applying these principles to the matter at bar, the Supreme Court properly granted that branch of the plaintiffs' motion which was to enforce a written stipulation of settlement resolving this action. Contrary to the contention of the appellants, Danilo Mendez and Rosemary Peralta, there was no evidence of a mutual mistake requiring rescission or reformation of the

stipulation (*see George Backer Mgt. Corp. v Acme Quilting Co.,* 46 NY2d 211, 219 [1978]; *Mahon v New York City Health & Hosps. Corp.,* 303 AD2d 725 [2003]; *Lacoparra v Bellino,* 296 AD2d 480, 481 [2002]; *Kadish Pharm. v Blue Cross & Blue Shield of Greater N.Y.,* 114 AD2d 439 [1985]). Nor is there any merit to the appellants' further contention that their counsel had no legal authority to execute the stipulation on their behalf (*see Hallock v State of New York,* 64 NY2d 224, 231-232 [1984]; *Bubeck v Main Urology Assoc.,* 275 AD2d 909, 910·[2000]; *Chattin v Klock Oil Co.,* 270 AD2d 852, 852-853 [2000]). Mastro, J.P., Florio, Balkin and Eng, JJ., concur.