██ JASON KIRCHNER, Appellant, v COUNTY OF NIAGARA et al., Respondents. (Appeal No. 1.) [61 NYS3d 406]—

Appeal from an order of the Supreme Court, Niagara County (Mark Montour, J.), entered October 29, 2015. The order, among other things, granted the motions of defendants for summary judgment dismissing plaintiff's amended complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: As set forth in a prior appeal, plaintiff commenced this malicious prosecution action after he was arrested and indicted for the death of his infant daughter (*Kirchner v County of Niagara*, 107 AD3d 1620 [2013]). In appeal No. 1, Supreme Court, inter alia, granted defendants' motions for summary judgment dismissing the amended complaint and, in appeal No. 2, the court, inter alia, denied plaintiff's motion for leave to reargue and/or renew defendants' motions.

With respect to appeal No. 1, we conclude that defendants

met their initial burden of establishing their entitlement to judgment as a matter of law, and plaintiff failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). In an action for malicious prosecution, it must be shown that a criminal proceeding commenced against the plaintiff lacked probable cause, and defendants established that the criminal proceeding against plaintiff was supported by probable cause (*see generally Martinez v City of Schenectady*, 97 NY2d 78, 84 [2001]; *Cantalino v Danner*, 96 NY2d 391, 394-395 [2001]). Plaintiff was indicted by a grand jury, which creates a presumption of probable cause (*see Grucci v Grucci*, 20 NY3d 893, 898 [2012]; *Colon v City of New York*, 60 NY2d 78, 82 [1983], *rearg denied* 61 NY2d 670 [1983]). "If plaintiff is to succeed in his malicious prosecution action after he has been indicted, he must establish that the indictment was produced by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith" (*Colon*, 60 NY2d at 83; *see Grucci*, 20 NY3d at 898).

In the prior appeal, we held that the complaint sufficiently alleged fraud, perjury, and conduct undertaken in bad faith to survive defendants' motions to dismiss (*Kirchner*, 107 AD3d at 1622). By submitting the depositions of the parties and others in support of their instant motions for summary judgment, however, defendants established that there was no fraud, perjury, or conduct undertaken in bad faith. The evidence established that members of the police department, defendant Claudette Caldwell, Esq., an assistant district attorney with the Niagara County District Attorney's Office, and defendant James J. Woytash, M.D., the Chief Medical Examiner of defendant County of Erie, met to discuss Woytash's findings after the case was initially closed. Contrary to the earlier understanding of the police and Caldwell, Woytash found more than one injury to the infant's head and concluded that the infant died of craniocerebral blunt force injury and the complications due to it. He also determined, relying on a method set forth in a medical journal article, that the injuries were inflicted upon the infant within four to six hours of her death. Based on those findings and other evidence, the decision was made to present the matter to a grand jury. Defendants submitted evidence that, contrary to the allegations in the amended complaint, plaintiff's wife did not encourage or ask Caldwell to reopen the investigation, and Caldwell did not encourage or coach Woytash to provide false information to the police or grand jury regarding the infant's cause of death and the timing of her injuries. We reject plaintiff's contention that the minor discrepancies in the deposition testimony of Caldwell, Woytash, and a police

captain raised a triable issue of fact whether Woytash gave false findings or provided false testimony to the grand jury.

We reject plaintiff's further contention that there is a triable issue of fact whether Woytash knowingly fabricated testimony because another forensic pathologist disagreed with Woytash regarding his findings and methodology in determining the timing of the infant's injuries. That dispute was the basis for the dismissal of the indictment against plaintiff after the People concluded that they would not be able to prove their case beyond a reasonable doubt. The fact that Woytash may have been wrong in his findings and conclusions, however, does not raise a triable issue of fact whether he provided false testimony to the grand jury.

With respect to appeal No. 2, the appeal from that part of the order denying that part of plaintiff's motion seeking leave to reargue must be dismissed because no appeal lies therefrom (*see Chiappone v William Penn Life Ins. Co. of N.Y.*, 96 AD3d 1627, 1627 [2012]). The court did not abuse its discretion in denying that part of the motion seeking leave to renew (*see id.*). Plaintiff submitted the affidavits of two experts who concluded that the infant died of pneumonia and that there was no evidence of traumatic injury to the brain. Plaintiff failed to show that the new evidence "would change the prior determination" (CPLR 2221 [e] [2]; *see Chiappone*, 96 AD3d at 1628). As explained above, this evidence simply disputed Woytash's findings and conclusions, but did not raise a triable issue of fact on the issue whether he fabricated evidence. Present—Whalen, P.J., Smith, Centra, Peradotto and Carni, JJ.