Bratge v Simons (2019 NY Slip Op 04540)





Bratge v Simons


2019 NY Slip Op 04540


Decided on June 7, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, TROUTMAN, AND WINSLOW, JJ.


101 CA 18-01141

[*1]MARK BRATGE AND KATRINA BRATGE, PLAINTIFFS-APPELLANTS,
v
JEFFERY SIMONS, ET AL., DEFENDANTS, COUNTY OF ONEIDA AND ONEIDA COUNTY CHILD ADVOCACY CENTER, DEFENDANTS-RESPONDENTS. 






FRANK POLICELLI, UTICA, FOR PLAINTIFFS-APPELLANTS.
BARTH SULLIVAN BEHR, SYRACUSE (DANIEL K. CARTWRIGHT OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Oneida County (David A. Murad, J.), entered March 19, 2018. The order granted the motion of defendants County of Oneida and Oneida County Child Advocacy Center for summary judgment dismissing the complaint against them. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: This action arises from an accusation made against Mark Bratge (plaintiff), a junior high school teacher, by a student in one of his classes. Plaintiff was prosecuted on charges arising from that accusation, but was acquitted after a bench trial. Insofar as relevant here, plaintiffs commenced this action seeking damages for personal injuries under the theory of malicious prosecution. They appeal from an order granting the motion of County of Oneida and Oneida County Child Advocacy Center (collectively, defendants) for summary judgment dismissing the complaint against them. We affirm.
Initially, we note that plaintiffs conceded in Supreme Court that the first, third and fourth causes of action should be dismissed against defendants, and on appeal plaintiffs do not present any argument concerning those causes of action. Consequently, they have abandoned any challenge to the dismissal of those causes of action (see Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]). Therefore, only the second cause of action, for malicious prosecution against these defendants is at issue on this appeal.
We reject plaintiffs' contention that the court should have permitted further discovery before determining the motion. It is well settled that a party opposing summary judgment on the ground that additional discovery is needed must "demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant" (Buto v Town of Smithtown, 121 AD3d 829, 830 [2d Dept 2014] [internal quotation marks omitted]; see CPLR 3212 [f]; Gannon v Sadeghian, 151 AD3d 1586, 1588 [4th Dept 2017]). Here, we agree with defendants that plaintiffs' " mere hope' that further depositions would disclose evidence to prove their case is insufficient to support denial of the motion" (Boyle v Caledonia-Mumford Cent. Sch., 140 AD3d 1619, 1621 [4th Dept 2016], lv denied 28 NY3d 905 [2016]).
With respect to the merits, we conclude that defendants met their initial burden of establishing their entitlement to judgment as a matter of law, and plaintiffs failed to raise a triable issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). It is well settled that, in order "[t]o obtain recovery for malicious prosecution, a plaintiff must establish that a criminal proceeding was commenced, that it was terminated in favor of the accused, that it [*2]lacked probable cause, and that the proceeding was brought out of actual malice" (Martinez v City of Schenectady, 97 NY2d 78, 84 [2001]; see Broughton v State of New York, 37 NY2d 451, 457 [1975], cert denied 423 US 929 [1975]; Putnam v County of Steuben, 61 AD3d 1369, 1370 [4th Dept 2009], lv denied 13 NY3d 705 [2009]). Thus,
" [p]robable cause to believe that a person committed a crime is a complete defense to claims of . . . malicious prosecution' " (Batten v City of New York, 133 AD3d 803, 805 [2d Dept 2015], lv denied 28 NY3d 902 [2016]; see Broyles v Town of Evans, 147 AD3d 1496, 1496 [4th Dept 2017]; see e.g. Kirchner v County of Niagara, 153 AD3d 1572, 1573 [4th Dept 2017]).
"In the context of a malicious prosecution cause of action, probable cause consists of such facts and circumstances as would lead a reasonably prudent person in like circumstances to believe plaintiff guilty . . . It is well established that information provided by an identified citizen accusing another of a crime is legally sufficient to provide the police with probable cause to arrest" (Dann v Auburn Police Dept., 138 AD3d 1468, 1470 [4th Dept 2016] [internal quotation marks omitted]; see Mahoney v State of New York, 147 AD3d 1289, 1291 [3d Dept 2017], lv denied 30 NY3d 906 [2017]; Lyman v Town of Amherst, 74 AD3d 1842, 1843 [4th Dept 2010]). Although the identified citizen in this case was a minor, "the sole testimony of a minor is sufficient to establish probable cause" (Medina v City of New York, 102 AD3d 101, 106 [1st Dept 2012]), and she provided a sworn deposition accusing plaintiff of committing the crime of which he was accused. Contrary to plaintiffs' contention, the "mere denial by the accused of the complainant's claims will not constitute materially impeaching circumstances' or grounds for questioning the complainant's credibility so as to raise a question of fact as to probable cause" (id. at 105), and "[t]here is nothing in the record that suggests that [defendants' investigator] should have questioned the complainant['s] credibility" (Grimes v City of New York, 106 AD3d 441, 441 [1st Dept 2013]). Consequently, the court properly concluded that the investigator had " [p]robable cause to believe that [plaintiff] committed a crime, [which] is a complete defense to claims of . . . malicious prosecution' " (Batten, 133 AD3d at 805).
Entered: June 7, 2019
Mark W. Bennett
Clerk of the Court