Long v Graphic Controls Acquisition Corp. (2021 NY Slip Op 01892)





Long v Graphic Controls Acquisition Corp.


2021 NY Slip Op 01892


Decided on March 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


147 CA 19-02307

[*1]RODNEY LONG, PLAINTIFF-APPELLANT,
v
GRAPHIC CONTROLS ACQUISITION CORP. AND CLEAN AIR TECHNOLOGY, INC., DEFENDANTS-RESPONDENTS. (APPEAL NO. 1.) 






PAUL WILLIAM BELTZ, P.C., BUFFALO (ANNE B. RIMMLER OF COUNSEL), FOR PLAINTIFF-APPELLANT.
KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (BRENT SEYMOUR OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (Mark A. Montour, J.), entered May 30, 2019. The order, among other things, determined that plaintiff's former attorney had the authority to enter into a settlement on plaintiff's behalf. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In appeal No. 1, plaintiff appeals from an order that, inter alia, determined after a hearing that plaintiff's former attorney had the authority to enter into a settlement on his behalf and, in appeal No. 2, plaintiff appeals from an order denying plaintiff's motion for leave to reargue or renew. Although plaintiff failed to identify the "prior motion" that he was seeking leave to reargue or renew (CPLR 2221 [a]), it appears that plaintiff was seeking leave to reargue or renew, inter alia, his opposition to defendants' cross motion to enforce the settlement.
With respect to appeal No. 1, we reject plaintiff's contention that Supreme Court (Montour, J.) erred in its determination. It is well settled that "[s]tipulations of settlement are favored by the courts and not lightly cast aside" (Hallock v State of New York, 64 NY2d 224, 230 [1984]). Even where an attorney lacks actual authority to enter into a settlement, the settlement is nevertheless binding where the attorney has apparent authority (see id. at 231; Davidson v Metropolitan Tr. Auth., 44 AD3d 819, 819 [2d Dept 2007]; see also Bubeck v Main Urology Assoc., 275 AD2d 909, 910 [4th Dept 2000]). "Essential to the creation of apparent authority are words or conduct of the principal, communicated to a third party, that give rise to the appearance and belief that the agent possesses authority to enter into a transaction" (Hallock, 64 NY2d at 231). The testimony at the hearing established that plaintiff's former attorney represented him from the commencement of the litigation until he accepted the settlement offer on plaintiff's behalf, a period of approximately two years. The former attorney represented plaintiff during his deposition, traveled to another state to depose representatives of one of the defendants, and participated in the Alternative Dispute Resolution (ADR) program. An offer of settlement was made by the attorney for defendants when the attorneys appeared before an attorney mediator at ADR and, after plaintiff's former attorney conveyed that offer to plaintiff at a meeting several days later, the former attorney emailed defendants' attorney to accept the offer. Based on that evidence, the court properly concluded that plaintiff's former attorney had the requisite apparent authority to enter into the settlement (see Amerally v Liberty King Produce, Inc., 170 AD3d 637, 637 [2d Dept 2019]; Davidson, 44 AD3d at 819; see also Bubeck, 275 AD2d at 910).
Also with respect to appeal No. 1, plaintiff contends that the court should have considered an issue that Supreme Court (Devlin, J.) had left outstanding, i.e., whether there was a valid [*2]settlement or whether the settlement was unconscionable. We reject that contention. By order entered May 24, 2016, the court (Devlin, J.) granted defendants' cross motion to enforce the settlement agreement, and plaintiff failed to appeal from that order. The court (Devlin, J.) granted plaintiff's motion for leave to reargue and renew, inter alia, his opposition to that cross motion, but only to the extent of conducting a hearing on the issue of the authority of plaintiff's former attorney to enter into the settlement. Plaintiff also did not appeal from that order. The case was thereafter transferred to Justice Montour, who correctly recognized that there were no other issues before the court to decide besides the issue of the authority of plaintiff's former attorney to enter into the settlement.
With respect to appeal No. 2, the appeal from the order insofar as it denied that part of plaintiff's motion seeking leave to reargue must be dismissed because no appeal lies therefrom (see Kirchner v County of Niagara, 153 AD3d 1572, 1574 [4th Dept 2017]), and we conclude that the court did not abuse its discretion in denying that part of the motion seeking leave to renew (see id.; Fuentes v Hoffman, 122 AD3d 1319, 1320 [4th Dept 2014]).
Entered: March 26, 2021
Mark W. Bennett
Clerk of the Court