**Tear Drops of Elegance, Inc v 2232-2240 ACP Owner, LLC**

2025 NY Slip Op 32299(U)

June 27, 2025

Supreme Court, New York County

Docket Number: Index No. 151865/2015

Judge: Lori S. Sattler

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  PART 02M

-----------------------------------------------------------------------------------X

TEAR DROPS OF ELEGANCE, INC,

|  |  |  |
|---|---|---|
| **INDEX NO.** | | 151865/2015 |

Plaintiff,

|  |  |  |
|---|---|---|
| **MOTION DATE** | | 08/13/2024 |

- v -

2232-2240 ACP OWNER, LLC C/O E & M ASSOCIATES,
AIM CO 2232-2240 ACP, LLC

|  |  |  |
|---|---|---|
| **MOTION SEQ. NO.** | | 005 |

Defendant.

**DECISION + ORDER ON
MOTION**

-----------------------------------------------------------------------------------X

HON. LORI S. SATTLER:

The following e-filed documents, listed by NYSCEF document number (Motion 005) 46, 61, 62, 64, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84

were read on this motion to/for STRIKE JURY DEMAND .

In this commercial action, Defendant 2232-2240 ACP OWNER, LLC C/O E & M ASSOCIATES ("ACP") moves to strike Plaintiff's jury demand, to vacate the Court's order dated September 18, 2023 which denied ACP's prior motion to dismiss due to lack of appearance by movant (NYSCEF Doc. No. 64, Order, Adams, J.), and to dismiss the action pursuant to CPLR 3211(a)(1), (3), (4), (5), (7), and (10) on the grounds that the parties entered in to a stipulation of settlement to discontinue this action with prejudice, which the Plaintiff purportedly failed to comply with, and the Plaintiff's alleged lack of valid, meritorious claims against Defendants. Plaintiff does not oppose the motions to strike its jury demand and to vacate the Order, but it opposes the motion to dismiss.

Plaintiff is a hair care and apparel design business (NYSCEF Doc. No. 62, Cruz Affidavit ¶ 4) and a former tenant at a commercial space in a building located at 2232 Adam Clayton Powell Blvd, New York, New York 10027 ("Premises") pursuant to a lease agreement dated May 1, 2024 (NYSCEF Doc. No. 71, "Lease") between it as a tenant and Defendants as landlords. Defendant

[* 1]

AIM CO 2232-2240 ("AIM CO") owned the Premises until ACP acquired them in October 2014 (NYSCEF Doc. No. 68, Motion to Dismiss ¶ 48).

Plaintiff alleges that a week after signing the Lease, it entered the Premises to find a large hole in the ceiling with water and rubbish dropping down (Cruz Affidavit ¶ 8). According to Plaintiff, it took Defendants five months to repair this condition (Cruz Affidavit ¶ 8). It further alleges that there were other issues with the Premises, including lack of heat, as well as water damage and the appearance of leaks, which persisted for two years (NYSCEF Doc. No. 74, Complaint ¶¶ 13-14, 21, Cruz Affidavit ¶¶ 8-33).

In February 2015, Plaintiff initiated this proceeding against AIM CO and ACP, interposing three causes of action for partial constructive eviction due to lack of heat in the Premises, negligence with respect to the water damage, and damages for lost revenue. In 2015, AIM CO commenced a summary nonpayment proceeding against Plaintiff in the Civil Court ("Nonpayment Proceeding"), asserting that Plaintiff purportedly failed to pay the rent (Motion to Dismiss ¶¶ 25-26).

On May 9, 2016, in the Nonpayment Proceeding, ACP and Plaintiff entered into a stipulation of settlement in writing (NYSCEF Doc. No. 76, May Stipulation). AIM CO was not a party to this Stipulation, in which ACP and Plaintiff agreed on the amount of rent that Plaintiff would pay to ACP and a payment plan, as well as the consequences of Plaintiff's default in payment. In ¶ 7 of the May Stipulation, Plaintiff agreed to withdraw this action with prejudice. Lastly, ACP agreed to "conduct repairs within 30 days of the date of [the May Stipulation] (floor, ceiling and heating system in basement)."

Plaintiff alleges that ACP failed to conduct the repair work as provided for in the May Stipulation. Thereafter, the parties entered into three further stipulations, in which they amended

the payment plan and restated the repairs to be completed (NYSCEF Doc. No. 77 and 78). None of these stipulations amended ¶ 7 of the May Stipulation pertaining to withdrawal of this action with prejudice.

On May 29, 2023, ACP filed its first motion to dismiss this action based on the May Stipulation (NYSCEF Doc. No. 46). This motion was denied in the Order due to ACP's counsel's failure to appear on September 18, 2023. In January 2024, Plaintiff filed a note of issue, demanding a jury trial (NYSCEF Doc. No. 66).

Defendant now moves to strike Plaintiff's jury demand in light of the waiver of jury trial in the Lease, to vacate the Order pursuant to CPLR 2005 and 5101, and to dismiss the case pursuant to CPLR 3211(a)(1), (3), (4), (5), (7), and (10). Plaintiff does not oppose the motion to strike the jury demand and to vacate the Order but does oppose the motion to dismiss. In light of lack of opposition and given that the Order was issued on procedural and not substantive grounds, the Court may hear the motion to dismiss, and this motion is granted.

"A stipulation is a contract between the parties and is, therefore, governed by the principles of contract law for interpretation and effect. A contract must be interpreted so as to give effect to the intentions of the parties as expressed in the unequivocal language employed" (*Caruso v Ward*, 146 AD2d 22, 29 [1st Dept 1989] [internal citation omitted]). Although Plaintiff argues that it entered into the May Stipulation believing that ACP would comply and complete the agreed upon repairs, ¶ 7 of the May Stipulation shows Plaintiff's clear and unconditional intent to withdraw this action with prejudice. As "[s]tipulations of settlement are favored by the courts and not lightly cast aside" (*Hallock v State*, 64 NY2d 224, 230 [1984], citing *Galasso v Galasso*, 35 NY2d 319, 321 [1974]), setting aside of such a stipulation would be improper "in the absence of a showing of fraud, collusion, mistake or such other factors sufficient to invalidate a contract" (*Living Arts, Inc.*

151865/2015   TEAR DROPS OF ELEGANCE, LLC vs. 2232-2240 ACP OWNER, LLC   **Page 3 of 4**
Motion No.  005

[* 3]

*v Kazuko Hillyer Intl., Inc.*, 166 AD2d 284, 285 [1st Dept 1990], citing *Hallock*, 64 NY2d at 230).

Plaintiff has not demonstrated that any such factors are present here. Accordingly, the motion is granted, and the action is dismissed.

Accordingly, it is hereby:

ORDERED that Defendant 2232-2240 ACP OWNER, LLC C/O E & M ASSOCIATES's motion seeking dismissal is granted, and the action is dismissed with prejudice.

All other relief sought is denied. This constitutes the Decision and Order of the Court.

| 6/27/2025 | | | | | |
|-----------|---|---|---|---|---|
| **DATE** | | | | **LORI S. SATTLER, J.S.C.** | |
| **CHECK ONE:** | **X** CASE DISPOSED | | | NON-FINAL DISPOSITION | |
| | GRANTED | DENIED | **X** | GRANTED IN PART | OTHER |
| **APPLICATION:** | SETTLE ORDER | | | SUBMIT ORDER | |

**151865/2015 TEAR DROPS OF ELEGANCE, LLC vs. 2232-2240 ACP OWNER, LLC** **Page 4 of 4**
**Motion No. 005**