■ HAIM YUZARY, Appellant, v JACOB YUZARY, Also Known as YAKOV YUZARY, Respondent. [635 NYS2d 701] —In an action, *inter alia,* for a judgment declaring that the plaintiff is the owner of certain parcels of real property, the plaintiff appeals

from an order of the Supreme Court, Kings County (Kramer, J.), dated June 20, 1994, which denied his motion to vacate a prior interlocutory judgment of the same court, entered pursuant to a stipulation of partial settlement, directing the partition and sale of certain premises.

Ordered that the order is affirmed, with costs.

After extensive settlement negotiations the parties and their counsel were present when a stipulation settling portions of the action was placed on the record in open court. After the terms of the stipulation were recited, the Supreme Court indicated that the remaining issues in the action would be the subject of additional proceedings. Counsel for both sides agreed that the court's statement was accurate. The parties were then sworn and, in response to the court's inquiries, assured the court that they had heard the stipulation as set forth on the record and agreed to it. Both counsel thereupon stipulated to the agreement.

Given the foregoing circumstances, the Supreme Court acted properly in rejecting the plaintiff's belated motion to set aside the stipulation of partial settlement on the ground that it was the product of his attorney's unauthorized conduct *(see, Hallock v State of New York,* 64 NY2d 224). The transcript of the stipulation unequivocally establishes that the plaintiff was present during the settlement, actively participated in it, and knowingly and voluntarily consented to it *(see, Newman v Holland,* 178 AD2d 866; *Cole & Co. v 630 Corp.,* 150 AD2d 328; *Heimuller v Amoco Oil Co.,* 92 AD2d 882).

The plaintiff's contrived claims that he has difficulty understanding English and that his attorney lacked actual and apparent authority to bind him are unavailing, and he has failed to establish any valid basis for vacating the settlement *(see, Hallock v State of New York, supra; Citibank v Rathjen,* 202 AD2d 235; *Arvelo v Multi Trucking,* 194 AD2d 758). Balletta, J. P., Miller, O'Brien and Sullivan, JJ., concur.