■ NICHOLAS VLASSIS, Respondent, v PETER J. CORINES, Appellant. [669 NYS2d 361] —In an action to recover damages for medical malpractice, the defendant appeals from so much of an order of the Supreme Court, Queens County (Durante, J.), dated December 5, 1996, as denied his motion to vacate a stipulation discontinuing an earlier action between the same parties bearing Queens County Index Number 24218/94.

Ordered that the order dated December 5, 1996, is affirmed insofar as appealed from, with costs.

Stipulations of settlement are judicially favored and should not be lightly cast aside (*see, Hallock v State of New York*, 64 NY2d 224). CPLR 2104 provides, *inter alia*, that a stipulation is binding upon a party if it is in a writing subscribed by him or her or his or her attorney. Generally, an attorney of record possesses implied authority to enter into stipulations on matters of procedure which are incidental to the management of the suit (*see*, 7 NY Jur 2d, Attorneys at Law, § 107). "Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation" (*Hallock v State of New York, supra*, at 230).

Here, the defendant has not demonstrated any justifiable cause to warrant vacatur of the stipulation discontinuing the plaintiff's first action (Queens County Index Number 24218/ 94). The attorneys discontinued that action and agreed to litigate the issues raised therein in the "precautionary" second action (Queens County Index Number 10468/95) initiated by the plaintiff to obviate the defendant's jurisdictional objections to service of process in the first action. The defendant has failed to demonstrate why the stipulation should be vacated or why the first action should be the one to be tried.

The defendant's argument regarding the hearing to determine the validity of process in the second action and the court's determination to strike the affirmative defense of lack of personal jurisdiction asserted in that action are not properly presented for our review. The affirmative defense of lack of personal jurisdiction in the second action was stricken by order of the same court dated December 4, 1996, a separate and independently appealable order from which no appeal was taken. The instant appeal from the order dated December 5, 1996, does not bring up for review the order of December 4, 1996 (*cf.*, CPLR 5501, 5517 [b]). Accordingly, we do not pass on the defendant's arguments challenging the order of December 4, 1996 (*see, Muollo v Crestwood Vil.*, 130 AD2d 468). Miller, J. P., Ritter, Pizzuto and Altman, JJ., concur.