■ In the Matter of MICHAEL J. BYRNE, Respondent, v NASSAU COUNTY BOARD OF ELECTIONS, Respondent, and David Denenberg, Appellant. [763 NYS2d 783] —In a proceeding pursuant to Election Law § 16-102 to invalidate a petition designating David Denenberg as a candidate in the primary election to be held on September 9, 2003, for the nomination of the Democratic Party as its candidate for the public office of Nassau County Legislator for the 19th Legislative District, the appeal is from an order of the Supreme Court, Nassau County (Joseph, J.), dated August 18, 2003, which granted the petitioner's motion to vacate a stipulation withdrawing the proceeding with prejudice.

Ordered that the order is reversed, on the law, without costs or disbursements, and the motion is denied.

Stipulations of settlement are judicially favored and should not be lightly cast aside (see Vlassis v Corines, 247 AD2d 609, 610 [1998]; Privin v Landolfi, 191 AD2d 485, 486 [1993]). CPLR 2104 provides, inter alia, that a stipulation is binding upon a party if it is in a writing subscribed by the party or his or her attorney. Furthermore, a stipulation made by counsel may bind a client even where it exceeds counsel's actual authority if counsel had apparent authority to enter into the stipulation (see Hallock v State of New York, 64 NY2d 224, 230 [1984]; Bubeck v Main Urology Assoc., 275 AD2d 909, 910 [2000]). "Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation" (Hallock v State of New York, supra at 230; see Matter of Marquez, 299 AD2d 551, 552 [2002]; Matter of Davis, 292 AD2d 452 [2002]).

In the present case, the petitioner did not demonstrate any justifiable cause to warrant vacatur of the stipulation withdrawing this proceeding with prejudice. Therefore, the petitioner's motion should have been denied. S. Miller, J.P., McGinity, Crane and Cozier, JJ., concur.