■ ASHLEY DAVIDSON, Appellant, v METROPOLITAN TRANSIT AUTHORITY et al., Respondents. [844 NYS2d 359]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Phelan, J.), dated June 28, 2006, which granted the defendants' motion pursuant to CPLR 2104 to enforce a stipulation of settlement.

Ordered that the order is affirmed, with costs.

The plaintiff's attorney had a lengthy involvement in this case, engaging in settlement negotiations and appearing at pretrial conferences. Thus, he had, as a matter of law, apparent authority to enter into a stipulation of settlement (*see Hallock v State of New York*, 64 NY2d 224, 231 [1984]). The presence of an attorney at pretrial conferences constitutes "an implied representation by [the client] to defendants that [the attorney] had authority" to bind the client to the settlement (*Hallock v State of New York*, 64 NY2d 224, 231-232 [1984]). Indeed, attorneys who are authorized to enter into binding stipulations are required to appear at pretrial conferences (*see* 22 NYCRR 202.26 [e]; *cf.* 22 NYCRR 202.12 [b]). The employment of an attorney to represent the plaintiff throughout the litigation and to appear on her behalf at a pretrial conference precludes her from arguing that the attorney lacked the authority to bind her to the settlement (*see Arvelo v Multi Trucking*, 194 AD2d 758, 759 [1993]). A stipulation made by the attorney may bind a client even where it exceeds the attorney's actual authority if the attorney had apparent authority to enter into the stipulation (*see Hallock v State of New York*, 64 NY2d at 231; *Matter of Byrne v Nassau County Bd. of Elections*, 307 AD2d 1053 [2003]). Thus, "[o]nly where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation" (*Hallock v State of New York*, 64 NY2d at 230).

The subsequent letter written by the plaintiff's attorney on behalf of the party to be bound confirmed the essential terms of the oral settlement agreement reached at the pretrial conference and was a subscribed writing sufficient to satisfy the requirements of CPLR 2104 (*see Roberts v Stracick*, 13 AD3d 1208 [2004]; *Gaglia v Nash*, 8 AD3d 992, 993 [2004]; *cf. Bonnette v Long Is. Coll. Hosp.*, 3 NY3d 281, 286 [2004]; *DeVita v Macy's E., Inc.*, 36 AD3d 751 [2007]).

The plaintiff failed to make a showing of any procedural unconscionability in reaching the agreement which would war-

rant a vacatur of the agreement or a hearing on that issue (*see Gillman v Chase Manhattan Bank*, 73 NY2d 1, 10-11 [1988]; *Town of Clarkstown v M.R.O. Pump & Tank*, 287 AD2d 497, 498-499 [2001]). Accordingly, the Supreme Court correctly granted the defendants' motion to enforce the stipulation of settlement. Crane, J.P., Florio, Lifson and Carni, JJ., concur.