WIL CAN (USA) GROUP, INC., Doing Business as S.C. NORTH AMERICA, Respondent, v SHEN ZHANG, Also Known as JOHNSON ZHANG, et al., Appellants. [903 NYS2d 429]—

In an action, inter alia, to recover damages for breach of fiduciary duty, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated April 8, 2009, as granted that branch of the plaintiff's motion which was to enforce a written settlement agreement dated October 29, 2008, and denied that branch of their cross motion which was to vacate the settlement agreement.

Ordered that the order is affirmed insofar as appealed from, with costs.

On October 29, 2008, the parties and their attorneys attended a mediation session conducted under the auspices of a private mediation service, for the purpose of attempting to settle the plaintiff's pending lawsuit. At the beginning of the session, the parties and their attorneys first met jointly with the mediator they had selected. The plaintiff's principal and his attorney, and the defendant Shen Zhang, also known as Johnson Zhang, and his attorney, then met in private sessions with the mediator, who relayed settlement proposals and counter proposals back and forth between both sides. At the conclusion of the 4½-hour session, a settlement agreement was reached. The agreement

was memorialized in writing, and signed by the attorneys for the parties and by the mediator. The plaintiff subsequently moved, inter alia, to enforce the settlement agreement, and the defendants cross-moved, among other things, to vacate the agreement, claiming that the attorney who had represented them from the inception of the litigation had not been authorized to enter into a settlement on their behalf. In an order dated April 8, 2009, the Supreme Court granted that branch of the plaintiff's motion which was to enforce the agreement, and denied that branch of the cross motion which was to vacate the agreement. We affirm the order insofar as appealed from.

Stipulations of settlement are judicially favored by the courts, and will not lightly be cast aside (*see Hallock v State of New York*, 64 NY2d 224, 230 [1984]; *Matter of Byrne v Nassau County Bd. of Elections*, 307 AD2d 1053 [2003]). Pursuant to CPLR 2104, an agreement is binding upon a party if it is in a writing subscribed either by the party, or by his or her attorney. Furthermore, a settlement agreement signed by an attorney may bind a client even where it exceeds the attorney's actual authority if the attorney had apparent authority to enter into the agreement (*see Hallock v State of New York*, 64 NY2d at 231; *Davidson v Metropolitan Tr. Auth.*, 44 AD3d 819 [2007]; *Matter of Byrne v Nassau County Bd. of Elections*, 307 AD2d 1053 [2003]).

Here, the record demonstrates that the attorney who represented the defendants at the mediation session and subscribed the settlement agreement on their behalf had a lengthy involvement in the case, and had represented the defendants in prior settlement negotiations. Furthermore, Zhang was present at the mediation session, and participated in it. Under these circumstances, the defendants' attorney had apparent authority to enter into the settlement agreement, and it is binding upon the defendants (*see Hallock v State of New York*, 64 NY2d at 231; *Davidson v Metropolitan Tr. Auth.*, 44 AD3d at 819; *Bubeck v Main Urology Assoc.*, 275 AD2d 909 [2000]; *Yuzary v Yuzary*, 223 AD2d 540 [1996]; *Arvelo v Multi Trucking*, 194 AD2d 758, 759 [1993]). Fisher, J.P., Dickerson, Eng and Belen, JJ., concur.