◾ In the Matter of JONATHAN L. GILLESPIE, Also Known as JONATHAN LEMOYNE GILLESPIE, Deceased. KAREN BOBB, Appellant, v LEONARD GILLESPIE et al., Respondents. [989 NYS2d 122]—

In a proceeding to compel the payment of a legacy pursuant to EPTL 5-3.2 (a) (2), the petitioner appeals from an order of the Surrogate's Court, Kings County (Lopez Torres, S.), dated August 23, 2012, which denied her motion to set aside a stipulation of settlement of the parties, dated February 8, 2011.

Ordered that the order is affirmed, with one bill of costs.

Stipulations of settlement entered into in open court are judicially favored and not lightly cast aside (*see Hallock v State of New York*, 64 NY2d 224, 230 [1984]; *Matter of Strang v Rathbone*, 108 AD3d 565, 565-566 [2013]; *Matter of Talbot*, 104 AD3d 775, 777 [2013]). As independent contracts subject to principles of contract interpretation (*see McCoy v Feinman*, 99 NY2d 295, 302 [2002]), "[o]nly where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation" (*Hallock v State of New York*, 64 NY2d at 230; *see McCoy v Feinman*, 99 NY2d at 302; *Matter of Talbot*, 104 AD3d at 777).

Here, the record demonstrates that the parties entered into a written stipulation of settlement after negotiations in which the petitioner and counsel for the respondents actively participated. Thereafter, after the petitioner was sworn, the stipulation was recited on the record in open court, and the Surrogate's Court allocuted the parties to ensure that the agreement set forth in the writing was accurate and that they agreed to it. The court inquired of the petitioner in particular as to whether she understood the specific terms of the stipulation and she confirmed that she did. Inasmuch as the transcript of the stipulation unequivocally establishes that the parties knowingly and voluntarily consented to its terms, and the petitioner failed to meet her burden to come forward with evidence to the contrary, the court properly denied the petitioner's motion to set aside the stipulation (*see Matter of Siegel*, 29 AD3d 914, 915 [2006]; *Matter of Rosato v Lemos*, 230 AD2d 862 [1996]; *Yuzary v Yuzary*, 223 AD2d 540, 541 [1996]). Mastro, J.P., Skelos, Cohen and LaSalle, JJ., concur.