■ TRIPLE DIAMOND CAFÉ, INC., Doing Business as THE RARE OLIVE, Appellant, v THOSE CERTAIN UNDERWRITERS AT LLOYD'S LONDON, Respondent. [3 NYS3d 46]—

In an action to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Whelan, J.), dated May 2, 2013, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

In the early morning hours of April 1, 2010, the bar and lounge known as The Rare Olive, located at 400 West Jericho Turnpike, in Huntington, was broken into and, soon thereafter, consumed by fire. The owner of the business, the plaintiff Triple Diamond Café, Inc., doing business as The Rare Olive, immediately notified its insurer, the defendant Those Certain Underwriters at Lloyd's London, of the loss. The defendant subsequently denied coverage on the basis that the plaintiff failed to comply with a policy condition, which constituted a material breach of the policy, barring coverage for the loss. Specifically, the policy declaration page contained the provision "Warranted Automatic extinguishing system and hood and duct cleaning, central station fire and burglar alarms will be [f]ully operational throughout the period of the policy," and the defendant's investigation confirmed that the alarm system was not activated at the time of the loss. The plaintiff commenced this action against the defendant, alleging breach of contract and, after issue was joined and discovery was completed, the defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff's breach of the policy warranty barred coverage for the loss. In opposition, the plaintiff contended that the provision on the declaration page did not constitute a warranty and, in any event, the term "fully operational" either did not require that the alarm be actually set and activated or, in the alternative, was ambiguous and must be construed in its favor.

The Supreme Court granted the defendant's motion, concluding that the subject provision constituted a warranty as defined by Insurance Law § 3106, that the term "fully operational" was not ambiguous and, in the context of the policy, required the plaintiff to actually set the alarm in order to be in compliance with the warranty. The Supreme Court further concluded that, since the plaintiff breached the warranty by failing to set the alarm, which materially increased the risk of loss, the plaintiff was not entitled to coverage under the policy as a matter of law.

Insurance Law § 3106 (a) provides: "In this section warranty means *any provision* of an insurance contract which *has the effect of* requiring, as a condition precedent of the taking effect of such contract or as a condition precedent of the insurer's liability thereunder, the existence of a fact which tends to diminish, or the non-existence of a fact which tends to increase, the risk of the occurrence of any loss, damage, or injury within the coverage of the contract" (Insurance Law § 3106 [a] [emphasis added and internal quotation marks omitted]). "As a general matter, warranties represent a promise by the insured to do or not to do some thing that the insurer considers significant to its risk of liability under an insurance contract" (*Commercial Union Ins. Co. v Flagship Mar. Servs., Inc.*, 190 F3d 26, 31 [2d Cir 1999]). Here, the provision in the "special conditions" section of the declaration page which states "[w]arranted . . . burglar alarm[ ] will be [f]ully operational throughout the period of the policy" meets the definition of a warranty pursuant to the Insurance Law, since requiring the plaintiff to have a fully operational burglar alarm would be significant to the defendant's risk of liability under the insurance policy. Contrary to the plaintiff's contention, there is no requirement that the warranty be set forth in any particular manner, as long as its effect is to create a condition precedent to the insurer's liability. Indeed, the use of the term "warranted" at the beginning of the subject provision establishes that the provision was a warranty as defined by the Insurance Law (*see Star City Sportswear v Yasuda Fire & Mar. Ins. Co. of Am.*, 2 NY3d 789 [2004]; *Slattery Skanska Inc. v American Home Assur. Co.*, 67 AD3d 1, 13 [2009]). Accordingly, the Supreme Court correctly concluded that the provision contained on the declaration page constituted a warranty as a matter of law.

Furthermore, there is no merit to the plaintiff's claim that the term "fully operational" did not require the burglar alarm to be actually set or was ambiguous. Whether a contractual term is ambiguous must be determined by looking within the four corners of the document and not to extrinsic sources (*see Kass v Kass*, 91 NY2d 554, 566 [1998]). Extrinsic evidence cannot be used to create an ambiguity in an agreement, but only to resolve an ambiguity (*see* 91 NY2d at 568). Moreover, the attachment of a particular, subjective meaning to a term by one party to the agreement that differs from the term's plain meaning does not render the term ambiguous (*see Moore v Kopel*, 237 AD2d 124, 125 [1997]).

In the context of an insurance policy, the statement that an insured have a fully operational security system logically

requires that the system be actually utilized by the insured to prevent or mitigate the risk the insurer takes by writing the policy. Interpreting the term as the plaintiff suggests would reduce the provision to a nullity, giving it no comprehensible meaning. Hence, in context, the only reasonable meaning to be assigned to the term "fully operational" requires that the alarm system be activated and in use (see *Slattery Skanska Inc. v American Home Assur. Co.*, 67 AD3d at 14-15; *SFI, Inc. v United States Fire Ins. Co.*, 453 F Supp 502, 505 [MD La 1978], *affd* 634 F2d 879 [5th Cir 1981]; *see also Star City Sportswear v Yasuda Fire & Mar. Ins. Co. of Am.*, 1 AD3d 58, 60 [2003], *affd* 2 NY3d 789 [2004]). Accordingly, the Supreme Court properly concluded that the plaintiff breached the warranty by failing to set the alarm on the date of the loss, and, thus, properly granted the defendant's motion for summary judgment dismissing the complaint. Leventhal, J.P., Chambers, Hall and Duffy, JJ., concur.