■ Maria Anghel, Appellant, v Utica Mutual Insurance Company, Respondent. [7 NYS3d 390]—

In an action to recover damages for breach of contract, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Adams, J.), dated February 29, 2012, which denied her motion for summary judgment on the issue of liability, (2) an order of the same court dated June 4, 2012, which denied her motion for leave to reargue her motion for summary judgment on the issue of liability, and (3) a judgment of the same court (Feinman, J.), dated May 8, 2013, which, upon a jury verdict, is in favor of the defendant and against her dismissing the complaint.

Ordered that the appeals from the orders are dismissed; and it is further,

Ordered that the judgment is reversed, on the law, with costs, the complaint is reinstated, the plaintiff's motion for summary judgment on the issue of liability is granted, the order dated February 29, 2012, is modified accordingly, and the matter is remitted to the Supreme Court, Nassau County, for a trial on the issue of damages; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the order dated February 29, 2012, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order dated February 29, 2012, are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]). The appeal from the order dated June 4, 2012, must be dismissed, as no appeal lies from an order denying reargument.

On or about January 31, 2010, there was a flood in premises owned by the plaintiff and insured by the defendant, which resulted from a water pipe that froze and burst. The defendant denied coverage, and the plaintiff commenced this action alleging breach of contract. In its answer, the defendant relied on an exclusion in the policy for damages resulting from frozen pipes, except for pipes that are part of a fire protective system, if the insured did not do his or her best to maintain heat in the building. The plaintiff subsequently moved for summary judgment on the issue of liability, and the Supreme Court denied the motion in the order dated February 29, 2012. The plaintiff then moved for leave to reargue her motion for summary judgment on the issue of liability, and the Supreme Court denied that motion in the order dated June 4, 2012. After a jury trial,

judgment was entered in favor of the defendant and against the plaintiff dismissing the complaint. The plaintiff appeals from both orders and from the judgment.

The unambiguous terms of an insurance contract must be given their plain and ordinary meaning, and the interpretation of such terms is a question of law for the court (*see White v Continental Cas. Co.*, 9 NY3d 264, 267 [2007]). Where an " 'agreement on its face is reasonably susceptible of only one meaning, a court is not free to alter the contract to reflect its personal notions of fairness and equity' " (*id.* at 267, quoting *Greenfield v Philles Records*, 98 NY2d 562, 569-570 [2002]). However, if the terms of the policy are ambiguous, any ambiguity must be construed in favor of the insured and against the insurer (*see White v Continental Cas. Co.*, 9 NY3d at 267; *United States Fid. & Guar. Co. v Annunziata*, 67 NY2d 229 [1986]). "Moreover, whenever an insurer wishes to exclude certain coverage from its policy obligations, it must do so 'in clear and unmistakable' language" (*Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 311 [1984], quoting *Kratzenstein v Western Assur. Co. of City of Toronto*, 116 NY 54, 59 [1889]).

Here, the plaintiff established her prima facie entitlement to judgment as a matter of law on the issue of liability. In support of her motion, the plaintiff submitted evidence establishing that there was a valid policy of insurance covering the subject property, a loss occurred, a timely claim was made, and the loss fell within the terms of the policy (*see Drysdale v Allstate Prop.*, 109 AD3d 784 [2013]). This evidence included an affidavit and other evidence demonstrating that the pipe that burst was part of an automatic sprinkler system and, thus, was part of a fire protective system exempted from the exclusion relied on by the defendant in its answer.

In opposition, the defendant failed to raise a triable issue of fact. The affidavit of the defendant's expert, which set forth that he examined the property and determined that the fire sprinkler system pipe ruptured due to the expansion of freezing water, failed to raise a triable issue of fact as to whether the pipe that burst was part of the sprinkler system. Moreover, the defendant failed to raise a triable issue of fact by citing a protective safeguard endorsement, as the protective safeguard endorsement related only to fire loss and, thus, did not provide any basis for the defendant's denial of the plaintiff's claim. Further, the protective safeguard endorsement qualified as a warranty as defined by Insurance Law § 3106 (*see* Insurance Law § 3106 [a]; *Triple Diamond Caffe, Inc. v Those Certain Underwriters at Lloyd's London*, 124 AD3d 763 [2015]; *see also*

*Star City Sportswear v Yasuda Fire & Mar. Ins. Co. of Am.*, 2 NY3d 789 [2004]), and, as the warranty related only to fire loss, any breach thereof could not defeat recovery on the plaintiff's claim for flood loss (*see* Insurance Law § 3106 [b]). Accordingly, the plaintiff's claim for coverage was not barred by any breach of the protective safeguard endorsement.

Based on the foregoing, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability.

In light of our determination, we need not reach the plaintiff's remaining contentions. Eng, P.J., Dillon, Chambers and Barros, JJ., concur.