SECOND DEPARTMENT, APRIL, 2017

(April 5, 2017)

■ ROSE BAKER, Plaintiff, v RESTAURANT DEPOT, Defendant. LAW OFFICES OF JOSEPH B. STRASSMAN, Nonparty Appellant. [50 NYS3d 551]—

In an action to recover damages for personal injuries, nonparty Law Offices of Joseph B. Strassman appeals from an order of the Supreme Court, Nassau County (McCormack, J.), entered June 25, 2015, which denied its motion to confirm a purported settlement and enforce an attorney's lien pursuant to Judiciary Law § 475.

Ordered that the order is affirmed, without costs or disbursements.

In this personal injury action, the plaintiff was represented by nonparty Law Offices of Joseph B. Strassman (hereinafter the Strassman firm). The Strassman firm alleges that after the defendant interposed an answer, it settled the action for the sum of $21,250, but the plaintiff refused to sign the settlement papers. The Strassman firm sent a letter to the plaintiff indicating its intent to move to be relieved as counsel. Thereafter, the Strassman firm moved to confirm the purported settlement and enforce an attorney's lien pursuant to Judiciary Law

§ 475. In support of the motion, the Strassman firm submitted, inter alia, certain correspondence and the retainer agreement. However, the Strassman firm did not submit a signed writing reflecting the terms of the purported settlement. The Supreme Court denied the motion, and the Strassman firm appeals.

"[A] stipulation is generally binding on parties that have legal capacity to negotiate, do in fact freely negotiate their agreement and either reduce their stipulation to a properly subscribed writing or enter the stipulation orally on the record in open court" (*McCoy v Feinman*, 99 NY2d 295, 302 [2002]; *see* CPLR 2104; *Vlassis v Corines*, 247 AD2d 609, 610 [1998]). Here, there was no stipulation made in open court, and the Strassman firm failed to proffer a signed writing reflecting a settlement or any clear indicia that the plaintiff actually authorized the purported settlement (*see* CPLR 2104; *McCoy v Feinman*, 99 NY2d at 302; *cf. Sprint Communications Co. L.P. v Jasco Trading, Inc.*, 5 F Supp 3d 323, 333 [ED NY 2014]). Without a settlement or a verdict, there was no "favorable result of litigation" in which the Strassman firm had a security interest. Thus, the Strassman firm was not entitled to confirmation of the purported settlement or an attorney's lien pursuant to Judiciary Law § 475 (*see Chadbourne & Parke, LLP v AB Recur Finans*, 18 AD3d 222, 223 [2005]; *cf. Wasserman v Wasserman*, 119 AD3d 932, 933 [2014]).

Accordingly, the Supreme Court properly denied the Strassman firm's motion. Mastro, J.P., Chambers, Miller and Maltese, JJ., concur.