Anghel v Utica Mut. Ins. Co. (2018 NY Slip Op 06073)





Anghel v Utica Mut. Ins. Co.


2018 NY Slip Op 06073


Decided on September 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2016-05552
 (Index No. 3157/11)

[*1]Maria Anghel, etc., appellant, 
v
Utica Mutual Insurance Company, respondent.


Theodore P. Kaplan, New York, NY, for appellant.
Faust Goetz Schenker & Blee LLP, New York, NY (Lisa De Lindsay of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Thomas Feinman, J.), entered February 11, 2016. The order granted the defendant's motion to enforce a stipulation of settlement dated September 15, 2015, and to compel the plaintiff to execute a release, and denied the plaintiff's cross motion to vacate the stipulation of settlement.
ORDERED that the order is affirmed, with costs.
On or about January 31, 2010, there was a flood in premises owned by the plaintiff and insured by the defendant, which resulted from a water pipe that froze and burst. The defendant denied coverage, and the plaintiff commenced this action alleging breach of contract. The plaintiff moved for summary judgment on the issue of liability, and the Supreme Court denied the motion. After a jury trial, a judgment was entered in favor of the defendant and against the plaintiff dismissing the complaint. The plaintiff appealed, and this Court reversed the judgment, granted the plaintiff's motion for summary judgment on the issue of liability, and remitted the matter to the Supreme Court, Nassau County, for a trial on the issue of damages (see Anghel v Utica Mut. Ins. Co., 127 AD3d 897).
Thereafter, the plaintiff and the defendant purportedly entered into a stipulation of settlement dated September 15, 2015, which was filed with the County Clerk on September 29, 2015. The defendant moved to enforce the stipulation of settlement and to compel the plaintiff to execute a release, and the plaintiff cross-moved to vacate the stipulation of settlement. The Supreme Court granted the defendant's motion and denied the plaintiff's cross motion. The plaintiff appeals.
"An agreement between parties or their attorneys relating to any matter in an action, other than one made between counsel in open court, is not binding upon a party unless it is in a writing subscribed by him [or her] or his [or her] attorney or reduced to the form of an order and entered" (CPLR 2104). A stipulation of settlement signed by an attorney may bind his or her client even if it exceeds the attorney's actual authority if the attorney had apparent authority to act on his or her client's behalf (see Hallock v State of New York, 64 NY2d 224; Wil Can [USA] Group, Inc. v Shen Zhang, 73 AD3d 1166, 1167; Davidson v Metropolitan Tr. Auth., 44 AD3d 819, 819). Here, [*2]the plaintiff is bound by the stipulation of settlement signed by her former attorney, as the record supports the finding that even if the attorney lacked actual authority to enter into the stipulation of settlement on the plaintiff's behalf, he had apparent authority to do so (see CPLR 2104; Hallock v State of New York, 64 NY2d 224; Martello v Martello, 145 AD3d 1000; Pak Chong Mar v New York Infirmary-Beekman Downtown Hosp., 161 AD2d 373). Accordingly, we agree with the Supreme Court's determination to grant that branch of the defendant's motion which was to enforce the stipulation of settlement and to deny the plaintiff's cross motion to vacate the stipulation of settlement.
In the order appealed from, the Supreme Court directed that, should the plaintiff seek payment made under the stipulation of settlement, she must forward an executed release to the defendant within 30 days of service of the order with notice of entry. The plaintiff argues in one sentence of her appellate brief that as to that issue, "there was no basis for the lower court to compel plaintiff to release defendant." We construe this argument as asserting that the exchange of a general release was not addressed and otherwise not included within the language of the stipulation of settlement. However, CPLR 5003-a provides that any settling defendant "shall pay all sums due to any settling plaintiff within twenty-one days of tender, by the settling plaintiff to the settling defendant, of a duly executed release and a stipulation of discontinuance executed on behalf of the settling plaintiff" (accord Cunha v Shapiro, 42 AD3d 95, 101). We find no error in the court directing the plaintiff's compliance with this statute.
MASTRO, J.P., DILLON, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court