Hudson Shore Assoc., L.P. v Praetorian Ins. Co. (2019 NY Slip Op 03576)





Hudson Shore Assoc., L.P. v Praetorian Ins. Co.


2019 NY Slip Op 03576


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2017-07124
 (Index No. 34969/14)

[*1]Hudson Shore Associates, L.P., appellant,
v
Praetorian Insurance Company, respondent.


Michael F.X. Ryan, Cortlandt Manor, NY (Jeffrey W. Rizzo of counsel), for appellant.
Goldberg Segalla LLP, Buffalo, NY (Brian R. Biggie and Brendan Fitzpatrick of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for breach of contract and for a judgment declaring that the defendant is obligated to indemnify the plaintiff for flood-related damage pursuant to an insurance contract, the plaintiff appeals from an order of the Supreme Court, Rockland County (Victor J. Alfieri, Jr., J.), dated December 30, 2016. The order granted the defendant's motion for summary judgment, in effect, dismissing the cause of action alleging breach of contract and declaring that the defendant is not obligated to indemnify the plaintiff for flood-related damage pursuant to the subject insurance policy.
ORDERED that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Rockland County, for the entry of a judgment, inter alia, declaring that the defendant is not obligated to indemnify the plaintiff for flood-related damage pursuant to the subject insurance policy.
The plaintiff, as insured, secured a commercial policy of insurance (hereinafter the policy) from the defendant, as insurer, for certain real property in Nyack. The plaintiff made a claim under the policy for flood-related damage incurred as a result of Hurricane Sandy, and the defendant disclaimed coverage. The plaintiff thereafter commenced this action to recover damages for breach of contract and for a judgment declaring that the defendant is obligated to indemnify the plaintiff for the flood-related damage pursuant to the subject insurance policy. The defendant moved for summary judgment, in effect, dismissing the cause of action alleging breach of contract and declaring that the defendant is not obligated to indemnify the plaintiff for the flood-related damage. The Supreme Court granted the motion.
"In construing policy provisions defining the scope of coverage pursuant to a policy of insurance, courts first look to the language of the policy" (ABM Mgmt. Corp. v Harleysville Worcester Ins. Co., 112 AD3d 763, 764 [internal quotations omitted]). "The unambiguous terms of an insurance contract must be given their plain and ordinary meaning, and the interpretation of such terms is a question of law for the court" (Anghel v Utica Mut. Ins. Co., 127 AD3d 897, 899). [*2]"Ambiguity in a contract arises when the contract, read as a whole, fails to disclose its purpose and the parties' intent" (Castle Oil Corp. v ACE Am. Ins. Co., 137 AD3d 833, 836). "[E]xclusions or exceptions from coverage must be specific and clear in order to be enforced" (Labate v Liberty Mut. Ins. Co., 45 AD3d 811, 812; see Anghel v Utica Mut. Ins. Co., 127 AD3d at 899). "Generally, the determination whether a contract is ambiguous is a question of law" (Ames v County of Monroe, 162 AD3d 1724, 1725-1726 [internal quotation marks omitted]).
Here, the defendant established its prima facie entitlement to judgment as a matter of law (see Corbel Constr. Co. v Arch Specialty Ins. Co., 160 AD3d 703, 704-705; Conlon v Allstate Veh. & Prop. Ins. Co., 152 AD3d 488; ABM Mgmt. Corp. v Harleysville Worcester Ins. Co., 112 AD3d at 764-765). While the policy had a provision providing flood insurance, it also had a provision that "[f]lood [is] excluded in SFH Zones as defined by the Federal Emergency Management Agency." The subject policy referred to only one covered location and that location was "insured location" at "Hudson Shore Associates LP" at "101 Gadney Street, Nyack, NY." The total number of apartments was listed at 162 and was not broken down by building. Neither the policy, nor the subject exclusion, referred to separate parts of the complex or to buildings. The defendant demonstrated, prima facie, that the policy exclusion was unambiguous and excluded the entirety of the premises should any part be in an SHF Zone. The defendant further demonstrated that a part of the covered premises was, in fact, in an SFH Zone, which the plaintiff did not dispute. Accordingly, we agree with the Supreme Court's determination granting the defendant's motion for summary judgment dismissing the cause of action alleging breach of contract and declaring that the defendant is not obligated to indemnify the plaintiff for its flood-related damage pursuant to the policy (see Conlon v Allstate Veh. & Prop. Ins. Co., 152 AD3d at 489-491; ABM Mgmt. Corp. v Harleysville Worcester Ins. Co., 112 AD3d at 764-765).
The plaintiff's contention that summary judgment was premature as further discovery was required is without merit (see Soto v City of New York, 1 AD3d 346, 346; Connecticut Indem. Co. v Travelers Ins. Co., 300 AD2d 530).
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Rockland County, for the entry of a judgment, inter alia, declaring that the defendant is not obligated to indemnify the plaintiff for its flood-related damage pursuant to the subject insurance policy (see Lanza v Wagner, 11 NY2d 317; Cohen & Slamowitz, LLP v Zurich Am. Ins. Co., 168 AD3d 905).
LEVENTHAL, J.P., COHEN, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court