Cohen v Tri-State Consumer Ins. Co. (2019 NY Slip Op 06470)





Cohen v Tri-State Consumer Ins. Co.


2019 NY Slip Op 06470


Decided on September 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-02526
 (Index No. 601039/17)

[*1]Craig Cohen, et al., respondents, 
v
Tri-State Consumer Insurance Company, appellant.


Kaufman, Dolowich & Voluck, LLP (Thomas Torto, New York, NY, of counsel), for appellant.
Greenblatt & Agulnick, P.C., Great Neck, NY (Scott E. Agulnick of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for breach of a homeowner's insurance policy, the defendant appeals from an order of the Supreme Court, Nassau County (Anna R. Anzalone, J.), entered January 16, 2018. The order granted the plaintiffs' motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
After the plaintiffs' home sustained water damage as a result of overflow from a clogged toilet, the plaintiffs filed a claim with the defendant under a homeowner's insurance policy. The defendant disclaimed coverage based on an exclusion in the subject insurance policy for "water which backs up through sewers or drains." The plaintiffs commenced this action alleging breach of the insurance policy. After issue was joined, the plaintiffs moved for summary judgment on the issue of liability. The Supreme Court granted the motion, and the defendant appeals.
The plaintiffs demonstrated their prima facie entitlement to summary judgment on the issue of liability by establishing "that there was a valid policy of insurance covering the subject property, a loss occurred, a timely claim was made, and the loss fell within the terms of the policy" (Anghel v Utica Mut. Ins. Co., 127 AD3d 897, 899). In opposition, the defendant failed to raise an issue of fact as to whether any policy exclusions applied (see Pichel v Dryden Mut. Ins. Co., 117 AD3d 1267).
Accordingly, we agree with the Supreme Court's determination to grant the plaintiffs' motion for summary judgment on the issue of liability.
MASTRO, J.P., DILLON, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court