Matter of 121 Willow, LLC v Board of Assessors of the County of Nassau (2020 NY Slip Op 01489)





Matter of 121 Willow, LLC v Board of Assessors of the County of Nassau


2020 NY Slip Op 01489


Decided on March 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-06420
 (Index No. 405561/17)

[*1]In the Matter of 121 Willow, LLC, et al., respondents,
v
Board of Assessors of the County of Nassau, et al., appellants.


Jared A. Kasschau, County Attorney, Mineola, NY (Nicholas Vevante, Robert F. Van der Waag, and Ann Margaret Barriga of counsel), for appellants.
Herman Katz Cangemi & Clyne, LLP, Melville, NY (Andrew G. Cangemi and Jennifer D. Hower of counsel), for respondents.



DECISION & ORDER
In tax certiorari proceedings pursuant to Real Property Tax Law article 7, the Board of Assessors of the County of Nassau and the Nassau County Assessment Review Commission appeal from an order of the Supreme Court, Nassau County (Anthony Marano, J.), entered April 19, 2018. The order granted the petitioners' motion to vacate a stipulation of settlement.
ORDERED that the order is affirmed, with costs.
The petitioners commenced these proceedings pursuant to Real Property Tax Law article 7 against the Board of Assessors of the County of Nassau and the Nassau County Assessment Review Commission (hereinafter ARC) challenging the real estate property tax assessments on their respective properties. The petitioners retained the law firm of Herman Katz Cangemi & Clyne, LLP (hereinafter HKCC), to prosecute the proceedings on their behalf. HKCC separately retained nonparty Paola Orsini to prosecute certain, different tax appeal proceedings, known as residential "Small Claims Assessment Review" or "SCAR" proceedings on behalf of HKCC clients. At some point, ARC sent Orsini a spreadsheet with proposed settlements of various real estate appeal proceedings, but the spreadsheet listed both SCAR and Real Property Law article 7 proceedings. Orsini agreed to settle all the proceedings on the spreadsheet, including the Real Property Law article 7 proceedings (hereinafter the stipulation of settlement). The petitioners thereafter moved to vacate the stipulation of settlement, arguing, inter alia, that Orsini did not have authority to settle the Real Property Law article 7 proceedings. The Supreme Court granted the motion. The Board of Assessors of the County of Nassau and ARC appeal. We affirm.
The petitioners established that Orsini did not have actual authority to settle the proceedings at issue. "A stipulation made by the attorney may bind a client even where it exceeds the attorney's actual authority if the attorney had apparent authority to enter into the stipulation" (Davidson v Metropolitan Tr. Auth., 44 AD3d 819, 819; see Hallock v State of New York, 64 NY2d at 231; Amerally v Liberty King Produce, Inc., 170 AD3d at 638; Wil Can [USA] Group, Inc. v Shen Zhang, 73 AD3d 1166; Matter of 259 Broadway Realty Corp. v Incorporated Vil. of Amityville, 29 AD3d 596; Matter of Byrne v Nassau County Bd. of Elections, 307 AD2d 1053, 1053). "Essential [*2]to the creation of apparent authority are words or conduct of the principal, communicated to a third party, that give rise to the appearance and belief that the agent possesses authority to enter into a transaction. The agent cannot by his [or her] own acts imbue himself [or herself] with apparent authority" (Hallock v State of New York, 64 NY2d at 231). In support of their motion, the petitioners submitted two letters from HKCC to ARC dated March 30, 2016, and April 6, 2016, as well as a letter to the Nassau County Attorney's Office dated May 3, 2016. In each of the three letters submitted, the subject line stated "SCAR cases handled by HKCC." The body of each of the three letters provided that "[e]ffective March 1, 2016, all SCAR cases personally handled by HKCC . . . will now be handled by Property Tax Assessment Group LLC . . . . My partners and I give authority to Paola Orsini . . . to represent all cases on our behalf . . . . She has our authority to make all decisions, including acceptance or rejection of offers." These letters clearly limited Orsini's authority to SCAR proceedings, and no apparent authority was created to settle the separate proceedings at issue here (see Nash v Y & T Distribs., 207 AD2d 779, 780-781).
Accordingly, we agree with the Supreme Court's determination to grant the petitioners' motion to vacate the stipulation of settlement.
BALKIN, J.P., DUFFY, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court