O'Hare v Pilla (2023 NY Slip Op 04386)

O'Hare v Pilla

2023 NY Slip Op 04386

Decided on August 23, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 23, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2021-00177
 (Index No. 35655/16)

[*1]Gerald O'Hare, respondent, 
v
Michael Pilla, et al., appellants, et al., defendant.

Goetz Fitzpatrick LLP, New York, NY (Joshua G. Oberman of counsel), for appellants.
Estrin & Benn, LLC, New York, NY (Patrick Benn of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants Michael Pilla, Antonio DiPietrantonio, D.P. Group General Contractors/Developers, Inc., and Pro-Structure Masonry, LLC, appeal from a judgment of the Supreme Court, Rockland County (Rolf M. Thorsen, J.), entered August 31, 2020. The judgment, insofar as appealed from, upon a decision of the same court dated June 17, 2020, made after a nonjury trial, is in favor of the plaintiff and against those defendants in the principal sum of $390,447.20.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against, among others, the defendants Michael Pilla, Antonio DiPietrantonio, D.P. Group General Contractors/Developers, Inc., and Pro-Structure Masonry, LLC (hereinafter collectively the defendants), inter alia, to recover damages for breach of contract. The defendants were all represented by same attorney. Prior to the commencement of a nonjury trial, the parties agreed in open court that, based on an exhibit prepared by the defendants, the plaintiff was entitled to the sum of $308,630, taking into account funds that the plaintiff had already received, and there were only three remaining issues to be decided at trial, none of which concerned which defendant was liable to the plaintiff. In a decision after the nonjury trial, the Supreme Court found that the parties agreed that the defendants owed the plaintiff the sum of $308,630, and that the defendants were not entitled to an award of a management fee. In a judgment entered August 31, 2020, the court, inter alia, awarded the plaintiff the principal sum of $390,447.20.
Contrary to the defendants' contention, the Supreme Court properly concluded that the parties stipulated that all the defendants owed the plaintiff the sum of $308,630. "Stipulations of settlement are favored by the courts and not lightly cast aside" (Hallock v State of New York, 64 NY2d 224, 230). "[A]n open-court stipulation is an independent contract between the parties . . . and will be enforced according to its terms unless there is proof of fraud, duress, overreaching, or unconscionability" (Chan v Barry, 36 AD3d 579, 579 [internal quotation marks omitted]; see Vargas v New York City Tr. Auth., 206 AD3d 783, 784). "A court should construe a stipulation made in open court in accordance with the intent of the parties and the purpose of the stipulation by examining the record as a whole" (Simmons v Simmons, 305 AD2d 661, 661; see Vargas v New York City Tr. Auth., 206 AD3d at 784). Here, considering the record as a whole, it is clear that the [*2]material terms of the settlement were addressed on the record, and that the parties intended that all the defendants, who were represented by the same attorney, would owe the plaintiff the agreed upon sum. Moreover, an agreement was reached between the parties, even though the plaintiff's counsel placed the stipulation on the record while the defendants' attorney initially remained silent until he clarified the amount due to the plaintiff. A duty to speak generally arises when the settlement is actually placed on the record (see Caroli v Allstate Ins. Co., 100 AD3d 941; Diarassouba v Urban, 71 AD3d 51, 56). Accordingly, the silence of the defendants' attorney while plaintiff's counsel was advising the Supreme Court that the parties agreed that the plaintiff was owed the sum of $308,630, constituted his acceptance on behalf of all the defendants.
The Supreme Court also properly determined that the defendants were not entitled to an award of a management fee. "'In reviewing a determination made after a nonjury trial, this Court's authority is as broad as that of the trial court and includes the power to render the judgment it finds warranted by the facts, taking into account that in a close case the trial judge had the advantage of seeing the witnesses'" (Davis v Khani, 202 AD3d 1046, 1047, quoting Home Const. Corp. v Beaury, 149 AD3d 699, 701; see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499). Here, in light of the evidence presented at trial, there is no basis to disturb the court's determination.
BARROS, J.P., GENOVESI, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court