Marasco v ExxonMobil Oil Corp. (2024 NY Slip Op 00760)

Marasco v ExxonMobil Oil Corp.

2024 NY Slip Op 00760

Decided on February 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2022-07040
2023-01189
 (Index No. 54362/13)

[*1]Peter A. Marasco, etc., et al., appellants,
v
ExxonMobil Oil Corporation, etc., et al., respondents.

Peter A. Marasco, New Fairfield, Connecticut, Anthony Paul Marasco, Scottsdale, Arizona, and Josephine Z. Marasco, Johns Creek, Georgia, appellants pro se (one brief filed).
Norton Rose Fulbright US LLP, New York, NY (Sonia H. Lee, Judith A. Archer, and Sean M. Topping of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for a violation of Navigation Law § 181, the plaintiffs appeal from (1) an order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated July 25, 2022, and (2) an order of the same court dated January 3, 2023. The order dated July 25, 2022, insofar as appealed from, granted that branch of the defendants' motion which was to enforce a stipulation of settlement entered into in open court on October 18, 2021. The order dated January 3, 2023, insofar as appealed from, denied the motion of the plaintiff Peter A. Marasco for leave to reargue his opposition to that branch of the defendants' prior motion which was to enforce the stipulation of settlement and denied those branches of that plaintiff's separate motion which were to amend paragraphs 2, 3, and 5 of the written settlement agreement and strike paragraph 16 from the written settlement agreement.
ORDERED that the appeal from so much of the order dated January 3, 2023, as denied the motion of the plaintiff Peter A. Marasco for leave to reargue his opposition to that branch of the defendants' prior motion which was to enforce the stipulation of settlement is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the appeal by the plaintiffs Anthony Paul Marasco and Josephine Z. Marasco from so much of the order dated January 3, 2023, as denied those branches of the motion of the plaintiff Peter A. Marasco which were to amend paragraphs 2, 3, and 5 of the written settlement agreement and strike paragraph 16 from the written settlement agreement is dismissed, as those plaintiffs are not aggrieved by those portions of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order dated July 25, 2022, is affirmed insofar as appealed from; and it is further,
ORDERED that the order dated January 3, 2023, is affirmed insofar as reviewed; and [*2]it is further,
ORDERED that one bill of costs is awarded to the defendants.
In March 2013, the plaintiffs commenced this action against the defendants, inter alia, to recover damages allegedly sustained as a result of oil contamination to certain real property. In January 2020, the plaintiffs retained attorney George S. Bellantoni to represent them in the action. Bellantoni appeared in court on behalf of the plaintiffs on October 14, 2021, at which time the action was scheduled for trial. On October 18, 2021, the first day of the scheduled trial, Bellantoni and the plaintiff Peter A. Marasco (hereinafter Peter) stipulated, in open court, to settle the action on behalf of the plaintiffs.
Thereafter, the defendants moved, inter alia, to enforce the stipulation of settlement entered into in open court on October 18, 2021. In opposition to the defendants' motion, the plaintiffs each filed an affidavit, in which they challenged Bellantoni's authority to enter into the stipulation of settlement on their behalf and made an application to vacate the settlement. In an order dated July 25, 2022, the Supreme Court, among other things, granted that branch of the defendants' motion which was to enforce the stipulation of settlement and directed the plaintiffs to execute proposed settlement documents, including a written settlement agreement. Peter subsequently moved for leave to reargue his opposition to that branch of the defendants' prior motion which was to enforce the stipulation of settlement and also separately moved, inter alia, to amend paragraphs 2, 3, and 5 of the written settlement agreement and strike paragraph 16 from the written settlement agreement. In an order dated January 3, 2023, the court, among other things, denied Peter's motion for leave to reargue and denied those branches of Peter's separate motion which were to amend paragraphs 2, 3, and 5 of the written settlement agreement and strike paragraph 16 from the written settlement agreement. The plaintiffs appeal from both orders.
The Supreme Court properly granted that branch of the defendants' motion which was to enforce the stipulation of settlement. "Oral stipulations entered into in open court by counsel on behalf of their clients are binding" (Caroli v Allstate Ins. Co., 100 AD3d 941, 943; see CPLR 2104). "'A stipulation made by the attorney may bind [the] client even where it exceeds the attorney's actual authority if the attorney had apparent authority to enter into the stipulation'" (Amerally v Liberty King Produce, Inc., 170 AD3d 637, 638, quoting Davidson v Metropolitan Tr. Auth., 44 AD3d 819, 819; see Hallock v State of New York, 64 NY2d 224, 230). "'Stipulations of settlement are favored by the courts and not lightly cast aside . . . Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation'" (Caroli v Allstate Ins. Co., 100 AD3d at 943, quoting Hallock v State of New York, 64 NY2d at 230; see O'Hare v Pilla, 219 AD3d 845, 846).
Here, the plaintiffs are bound by the stipulation of settlement. With regard to Peter, he was present in court with Bellantoni on October 18, 2021, and he accepted the settlement, on the record, in open court (see Hallock v State of New York, 64 NY2d 224). With regard to the plaintiffs Anthony Paul Marasco (hereinafter Anthony) and Josephine Z. Marasco (hereinafter Josephine), they failed to establish that Bellantoni did not have apparent authority to enter into the settlement on their behalf (see id. at 230). There is no dispute that Bellantoni had acted as the plaintiffs' counsel in the action since January 2020, had appeared in court on the plaintiffs' behalf for a pretrial conference just days earlier on October 14, 2021, and had stated on the record in open court on October 18, 2021, in the presence of Peter and counsel for the defendants, that he was authorized to enter into the settlement on behalf of all of the plaintiffs (see id.; Anghel v Utica Mut. Ins. Co., 164 AD3d 1294; Caroli v Allstate Ins. Co., 100 AD3d at 944; Davidson v Metropolitan Tr. Auth., 44 AD3d at 819). Moreover, although Anthony and Josephine both attested that they had discharged Bellantoni immediately prior to the October 18, 2021 court appearance, neither appeared in court on October 18, 2021, to proceed with the scheduled trial, and neither submitted any written requests for Bellantoni to withdraw or be discharged as counsel in the manner prescribed by CPLR 321 (see GMAC Mtge., LLC v Galvin, 184 AD3d 750, 750). The plaintiffs also failed to submit evidence to otherwise establish sufficient cause to set aside the stipulation of settlement (see O'Hare v Pilla, 219 AD3d at 846; Amerally v Liberty King Produce, Inc., 170 AD3d at 637-638; O'Hanlon v O'Hanlon, [*3]114 AD3d 915, 916; Caroli v Allstate Ins. Co., 100 AD3d at 943).
The Supreme Court also properly denied those branches of Peter's motion which were to amend paragraphs 2, 3, and 5 of the written settlement agreement and strike paragraph 16 from the written settlement agreement. "A stipulation of settlement is a contract, enforceable according to its terms. When a court enforces a stipulation of settlement, it must effectuate the parties' intent" (Bethea v Thousand, 127 AD3d 798, 799 [internal quotation marks omitted]). Here, contrary to Peter's contention, paragraphs 2, 3, 5, and 16 of the written settlement agreement conform to the material terms of the stipulation of settlement addressed on the record and were not otherwise improper.
BRATHWAITE NELSON, J.P., MALTESE, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court